## POLLOCK v. POLLOCK.

1. At a time when only 90 days' residence was required to enable a party to institute proceedings for a divorce, plaintiff's uncontroverted testimony that he commenced to reside in Sioux Falls early in April, 1891; that it had been his home since he arrived here, and that he came for the purpose of becoming a resident—was sufficient to justify a finding that he was a resident in good faith at the time of commencing an action for divorce in the latter part of July, 1891.

2. In such case the court had jurisdiction of the subject matter; and by the general appearance of defendant, by answering to the merits, and attending the trial and testifying, the court acquired jurisdiction of defendant's person.

3. Under Comp. Laws, Sec. 2562, Subd. 3, which provides that departure or absence from the family dwelling place, caused by cruelty or by threats of bodily harm, is not desertion by the absent party, but it is desertion by the other party. Whether there were such threats in a given case is a question of fact for the trial court, and its decision thereon will not be disturbed unless there is a clear preponderance of the evidence against the finding.

4. Where there is a finding that, owing to the tender years of the children, the mother, defendant, is the proper custodian of them, and that she has no property, a decree that plaintiff pay to defendant $50 a month for their maintenance, should definitely fix the term for which said monthly payments should be made, and require plaintiff to give security for their prompt payment.

5. Such modification of the judgment may be made by the supreme court without a reversal where all the facts necessary to enable it to do so are contained in the record on appeal.

(Opinion filed April 8, 1896.)

Appeal from circuit court, Minnehaha county. Hon. F. R. AIKENS, Judge.

Action for divorce.    From a judgment in favor of plaintiff, defendant appeals.    Modified.

The facts are stated in the opinion.

*Crawford & DeLand (Walter C. Fawcett,* of counsel), for appellant.

Willful desertion must continue for one year before it is ground for divorce.  Comp. Laws, §§ 2559, 2561, 2562, 2565. To establish desertion three things must be shown.  First. Cessation from cohabitation, continuing the necessary time. Second.  The intention in the mind of the deserter not to resume cohabitation.  Third.  The absence of the other party's consent to the separation, or conduct justifying the same. Sergeant v. Sergeant, 33 N. J. Eq. 204; Benkart v. Benkart, 32 Cal. 467; Bennett v. Bennett, 43 Conn. 313; Fulton v. Fulton, 37 Miss. 517; Meldowney v. Meldowney, 27 N. J. Eq. 226; Jennings v. Jennings, 13 N. J. Eq. 38; McGowan v. McGowan, 52 Tex. 657; Latham v. Latham, 30 Gratt. 307; Cox v. Cox, 35 Mich. 461.    Separation does not begin until the intent to desert arises.    Reed v. Reed, Wright (Ohio), 224. Pinkard v. Pinkard, 14 Tex. 356.    See, also, Orr v. Orr, 8 Bush. (Ky.) 156; Rudd v. Rudd, 33 Mich. 101; Rogers v. Rogers, 18 N. J. E. 455; Thorpe v. Thorpe, 9 R. I. 57; McClurg v. McClurg, 66 Pa. St. 366; Besch v. Besch, 27 Tex. 390; Fulton v. Fulton, 36 Miss. 518; Majors v. Majors, 1 Tenn. Ch. 264; Friend v. Friend, Wright (Ohio) 639; Brainard v. Brainard, Id. 634.    A divorce can be granted only upon grounds allowed by statute, which must be strictly established.    Palmer v. Palmer, 1 Paige Ch. 276; Burtis v. Burtis, Hopkins Ch. 557; Northcut v. Lemery, 8 Ore. 316; Smith v. Smith, 8 S. & R. 248.    When a husband, not entirely blameless for the act, makes no effort to prevent his desertion by his wife, and acquiesces in and appears to be satisfied with its continuance, he is not entitled to a divorce on the ground of desertion.    Herold v. Herold, 20 Atl. 375; Broom v. Broom, Id. 377.    Jurisdiction depends on the domicile. Gregory v. Gregory, 76 Me. 535.    See, also, §§ 2578, 2579,

Comp. Laws; Roth v. Roth, 104 Ill. 35; Van Orsdale v. Van Orsdale, 67 Ia. 35; Ross v. Ross, 103 Mass. 575; Odey v. Odey, 101 N. Y. 23. The courts, where neither party is domiciled, have no jurisdiction, and, as such suits are not merely suits between the husband and wife, but affect a public institution, their consent cannot confer jurisdiction; so that, where a divorce is granted in a state where neither party is domiciled, but in a proceeding in which both have appeared, their married status is not affected. Harrison v. Harrison, 20 Ala. 629; McGuire v. McGuire, 7 Dana (Ky.) 181; People v. Dawell, 25 Mich. 247; Van Forsen v. State, 37 Oh. St. 317; Whitcomb v. Whitcomb, 46 Ia. 437; Litowich v. Litowich, 19 Kan. 451; Sewall v. Sewall, 122 Mass. 156; Mutch v. Mutch, 19 Neb. 706; Leith v. Leith, 39 N. H. 20; Platt v. Platt, 80 Pa. St. 501; Hare v. Hare, 10 Tex. 355. Every state makes its law for, and has the right to control, the domestic status of those who make their home in it. Cook v. Cook, 56 Wis. 195; Hunt v. Hunt, 72 N. Y. 217.

*Palmer & Rogde,* for respondent.

"Departure or absence of one party from the family dwelling place, caused by cruelty or by threats of bodily harm from which danger would be reasonably apprehended from the other, is not desertion by the absent party, but it is desertion by the other party." Comp. Laws, § 2562. It is sufficient to prove desertion by showing voluntary separation to have begun, whereupon its continuance will be presumed until the contrary appears. Bishop M. & D., § 1772; Prather v. Prather, 26 Kan. 273.

One acquires a new domicile by determining to remain in a a place to which he removes, and until something unexpected or uncertain transpires to induce a change. 1 Bishop M. & D., § 1703; 2 Id., §§ 92, 101, 104, 111; Burlem v. Shannon, 115 Mass. 438. A person's domicile or residence is the place where he has fixed his habitation without any present intention of removing therefrom. Hindman's Appeal, 85 Pa. St. 466.

CORSON, P. J.  This was an action for a divorce.  The answer denied the material allegations in the complaint except the marriage, and contained a cross bill by the defendant for a separate maintenance.  The action was tried by the court, and its findings of fact are as follows: "First.  That the parties hereto have, by the appearance herein, conferred jurisdiction upon the court to hear and determine the issues herein, and that the court has jurisdiction of the subject-matter of this action.  Second.  That the plaintiff has for a sufficient time prior to the commencement of this action been a resident in good faith of the state of South Dakota to entitle him to maintain this action. Third.  That the plaintiff and the defendant intermarried in the city of New York, state of New York, on the 27th day of September, A. D. 1887, and ever since have been, and now are, husband and wife.  Fourth.  That more than one year prior to the commencement of this action, and without the consent, procurement or connivance of the plaintiff, and free from collusion between the plaintiff and defendant, the defendant did willfully desert the plaintiff, and ever since, and up to the time of the commencement of this action, continue to so willfully desert this plaintiff.  Fifth.  That there are issue of said marriage, two children, Annie Amelia, born September 7, 1888, and Mary Ellen, born January 14, A. D. 1891; that owing to the tender years of said children, the mother is the proper custodian of them; that the said mother, the defendant, has no means or property in her own right; that it will require at the present time, and for the immediate future, the sum of fifty dollars per month to enable the mother, this defendant, to furnish suitable support for said children.  Sixth.  That the counterclaim of the defendant is not supported by the proofs." Upon these findings the court concludes as matters of law that plaintiff was entitled to judgment and decree of divorce, that the defendant take nothing by her cross bill, that she have the care and custody of the two minor children, and that plaintiff pay to the defendant $50 per month for their maintenance.

From this judgment and decree the defendant appeals. Numerous objections were made to the record on the part of the respondent, and argued at some length in the brief of counsel, but, in the view we take of the case, it will not be necessary to consider them; for, assuming that all proceedings on the part of the appellant are correct, we are of the opinion that the judgment of the court below must be affirmed.

The principal points relied on for a reversal of the judgment are that the evidence is insufficient to support the findings, except the third and first part of the fifth, to which no exceptions were taken. The court was requested to make other findings in accordance with the views of the appellant, which it declined to do, and to which an exception was taken. The record in this case is exceedingly voluminous, and any effort to condense the evidence so as to bring it within the limits of an ordinary opinion would be futile. But, if it could be done, no useful purpose would be subserved by such a review of the evidence, and we shall, therefore, only call attention to a few of the more prominent facts in the case. This action was commenced in the latter part of July, 1891, and it seems to be undisputed that the plaintiff came to this state, and settled or commenced to reside at Sioux Falls, early in April, 1891. At that time only 90 days' residence was required to enable a party to institute proceedings for a divorce. It appeared that the plaintiff voted at the spring election in the city, and remained continuously in Sioux Falls until after the commencement of this action. In his testimony given at Sioux Falls in January, 1892, he says: "This has been my home since I arrived here in April. Have had no other home. I came to this city and state for the purpose of becoming a resident. I have exercised the right of franchise; voted here in the city at the last election." He further says that he had only been absent from the city for about three weeks since he came there. This evidence, not being controverted, was sufficient to justify the court in making its second finding of fact.

The first finding to some extent involves a question of both law and fact. Its correctness depends mainly upon the second findings. If that is supported by the evidence—as we hold it is—then it necessarily follows that the court had jurisdiction of the subject-matter, and by the general appearance of the defendant in the action the court acquired jurisdiction of her person. The appearance of the defendant was general. She answered to the merits, and was present in court at the trial, and gave her evidence. It would seem, therefore, that this finding is fully sustained by the record. This brings us to the consideration of the fourth finding of fact, the important finding in the case. Counsel for the appellant strenuously contend that the evidence was insufficient to sustain this finding, and it is to this question that the larger part of the evidence was directed, and to which counsel devote the greater part of their briefs and argument. The theory of the respondent seems to be that the plaintiff was ordered out of the house occupied by the defendant, and that she, by threats and the exhibition of a revolver, rendered it unsafe for him to longer live with her. And the counsel rely upon Subd. 3, Sec. 2562, Comp. Laws, which provides as follows: "Departure or absence of one party from the family dwelling place, caused by cruelty or by threats of bodily harm for which danger would be reasonably apprehended from the other is not desertion by the absent party but it is desertion by the other party." Whether therefore, there were such threats and conduct on the part of the defendant as justified the plaintiff in absenting himself from the residence of the defendant was a question of fact for the court. The evidence upon this question was conflicting, and the court was required to determine the facts mainly from the evidence of the plaintiff and defendant, although there was some corroborating evidence as to the testimony of each. Plaintiff and defendant both gave their evidence orally in court and were examined and cross-examined at great length. The weight to be given to the testimony of witnesses depends

largely upon their manner and appearance upon the witness stand, and the candor and fairness with which they give their testimony. The weight to be given the evidence in such cases is peculiarly within the province of the trial court. There are so many circumstances occurring on the trial that tend to throw light upon the case and aid the court in determining the weight and probative force of the testimony that cannot be reproduced in the record, that appellate courts will with great reluctance reverse the decision of the trial court upon questions of fact, and only when there was a clear preponderance of the evidence against the finding will its decision upon questions of fact be disturbed. It clearly appears from the evidence that at the time the plaintiff and defendant intermarried the plaintiff had just attained his majority, and that the defendant was some years his senior. At the time of his marriage, and up to the time of the separation, the plaintiff was a clerk in his father's business in New York City, with an income of $18 per week. It would seem that from the time of their marriage, in 1887, until the latter part of December, 1889, there were no serious differences between them, though they seem not to have lived together as husband and wife in the usual manner, but the defendant occupied rented rooms, and the plaintiff lived in the family of his father, or boarded with a cousin in another part of the city. In the fall of 1889 disagreements occurred between them, resulting in an open separation. The evidence as to the nature and character of these differences, and as to what occurred at the various interviews between them about that time is conflicting; the statement of plaintiff being in most instances directly contradicted by the defendant. It is quite apparent, however, that the trouble between them orginated by reason of the failure of the plaintiff to furnish the defendant all the money for the support of herself and children which she seemed to think necessary, and which, by reason of his limited income he claimed he was unable to obtain for her. When the amount of money she required was not provided, she appears to have

been very angry, and, according to the evidence of the plaintiff she ordered him out of the house, used language to him not necessary to be repeated, exhibited a revolver, and made threats which might reasonably have intimidated him, and led him to believe that his life was in danger.    If the plaintiff's evidence is to be taken as true, he would seem to have been fully justified in separating himself from the defendant, and thereafter ceasing to live with her.    The plaintiff is corroborated by the evidence of credible witnesses, who testify to admissions made by the defendant, that she had ordered plaintiff to leave the house, exhibited a revolver, and used language certainly calculated to give the plaintiff to understand that she did not wish to live with him.    There was also much evidence of her conduct during the year 1890, not calculated to give a court a favorable impression of her case.

After a careful examination of the whole evidence, we may say that it was such that different minds might reasonably draw different conclusion therefrom; but this court cannot say there is a preponderance of the evidence against this finding of the court.    The last clause of the fifth finding, we think, in view of the income and means of the plaintiff, makes a very liberal provision for the children of the marriage, and a provision of which the defendant cannot reasonably complain. But the circuit court, in failing to definitely fix the term during which said payments should be made, and in failing to require security for the payment of said sums of money promptly each month, did not, in our opinion, properly exercise its judicial discretion, and the omission of the court to make these provisions in the judgment renders its decision subject to review by this court.    The court having found that the defendant has no means or property in her own right, we think it should have fixed the term for which said monthly payments should be made until said children should attain the age of 21 years, subject to such change or modification as circumstances might require.    We are also of the opinion that the plaintiff should

have been required to give security for the prompt payment of the said monthly sums. In view of the tender years of the children, issue of said marriage, these provisions seem to be necessary and proper for their protection, and to secure their adequate support and maintenance during their minority. As all the necessary facts, however, are contained in the record, and are before this court, a reversal of the judgment does not seem to be required in order to carry into effect these views, as the court, under its power to modify judgments, possess the authority without a reversal to modify the one before us. The judgment of the circuit court is therefore modified by striking out of the third paragraph the words "until the further order of the court in the premises," and by inserting in lieu thereof the words "until the elder of said children shall attain the age of twenty-one years, and twenty-five dollars per month thereafter and until the younger shall so attain the age of twenty-one years; provided, that if either of said children shall die or marry before reaching such age, such payments shall from that time be reduced to twenty-five dollars per month, or upon the death or marriage of both before that time the payments may cease altogether;" and by adding to said third paragraph of said judgment the following: 'And it is further ordered and adjudged that said plaintiff execute to said defendant a bond in the penal sum of ten thousand ($10,000) dollars, with at least two sufficient sureties, to be approved by the judge of this court, conditioned that said plaintiff shall make or cause to be made, the said payments in manner and form hereinbefore provided. The provisions contained in this paragraph are made subject to such further orders of this court in the premises changing or modifying the same, as the changed circumstances of the parties may require." This decision will be considered as disposing of the appeal now pending between the same parties from an order of the circuit court refusing further alimony to the defendant (appellant), and that order is affirmed; but, in view of the fact that the alimony already provided for

by this judgment is for the benefit of the children, the apparent inability of the defendant to pay, and other facts which may be fairly considered by the court, it is ordered that respondent pay the costs of both of these appeals. As modified herein the judgment of the circuit court is affirmed.

HANEY, J., taking no part in the decision.