## OSCAR F. GRAY v. MARIE H. GRAY.

(154 N. W. 530.)

**Divorce — suit for — defendant by cross-complaint alleges cause for divorce — trial on merits — action — dismissed — as to both parties — appeal — trial de novo — attorney's fees — allowance of.**

    Plaintiff brings suit for divorce. Defendant, by cross complaint, alleges cause for divorce. After trial on the merits a divorce is denied both parties and the complaint and cross complaint dismissed. Defendant appeals for trial *de novo*. Affirmed, but with an allowance to defendant of $150 attorney fee in this court, and costs.

Opinion filed September 27, 1915. Rehearing denied October 19, 1915.

From a judgment of the District Court of Cass County, *Pollock,* J., defendant appeals.

Modified.

*M. A. Hildreth,* for appellant.

Section 211 of the Federal Laws of the United States provides that it is a crime to cause to be sent through the mail any letter, writing,

or to take from the mail any drug, medicine, etc., to be used or applied for preventing conception. This includes the procuring of medicines with the intent and purpose of preventing conception. Burton v. United States, 73 C. C. A. 243, 142 Fed. 57.

"Grievous mental suffering is sufficient ground for divorce as extreme cruelty, although it does not impair the health." This rule finds much support. Construing Rev. Codes 1905, § 4051, Comp. Laws 1913, § 4382; Mahnken v. Mahnken, 9 N. D. 189, 82 N. W. 870; Barnes v. Barnes, 95 Cal. 171, 16 L.R.A. 660, 30 Pac. 298; Fleming v. Fleming, 95 Cal. 430, 29 Am. St. Rep. 124, 30 Pac. 566; Smith v. Smith, 119 Cal. 183, 48 Pac. 730, 51 Pac. 183; Carpenter v. Carpenter, 30 Kan. 744, 46 Am. Rep. 108, 2 Pac. 122; Mosher v. Mosher, 16 N. D. 269, 12 L.R.A.(N.S.) 820, 125 Am. St. Rep. 654, 113 N. W. 99; Gibbs v. Gibbs, 18 Kan. 419; Bennett v. Bennett, 24 Mich. 482; Kline v. Kline, 49 Mich. 419, 13 N. W. 800; Caruthers v. Caruthers, 13 Iowa, 266; Wheeler v. Wheeler, 53 Iowa, 511, 36 Am. Rep. 240, 5 N. W. 689; Smith v. Smith, 8 Or. 100; Kennedy v. Kennedy, 73 N. Y. 369; Beyer v. Beyer, 50 Wis. 254, 36 Am. Rep. 848, 6 N. W. 807; Beebe v. Beebe, 10 Iowa, 133.

Indignities are a species of cruelty. 1 Bishop, Marr. & Div. 1828; Stewart, Marr. & Div. §§ 182, 282; Coble v. Coble, 55 N. C. (2 Jones, Eq.) 395.

Excessive use of drugs or opiates by either party is held to be such. Bishop, Marr. & Div. § 1282; Dawson v. Dawson, 23 Mo. App. 169.

Divorce is not a punishment of the offender, but rather a relief to the sufferer. The law on this subject "ill or cruel treatment" was designed for the benefit of the sensitive, even the abnormally sensitive, and not for the insensible and apathetic whom nothing but blows can affect. Doolittle v. Doolittle, 78 Iowa, 691, 6 L.R.A. 189, 43 N. W. 616; Robinson v. Robinson, 66 N. H. 600, 15 L.R.A. 121, 49 Am. St. Rep. 632, 23 Atl. 362.

Whether in any given case there has been inflicted this "grievous mental suffering" is a question of fact to be deduced from all the circumstances of each particular case, keeping always in view the intelligence, refinement, delicacy of sentiment of the complaining party, and no arbitrary rule of law as to what particular probative facts shall exist in order to justify a finding of the ultimate facts of its

existence can be given. Barnes v. Barnes, 95 Cal. 171, 16 L.R.A. 662, 30 Pac. 298; Fleming v. Fleming, 95 Cal. 430, 29 Am. St. Rep. 124, 30 Pac. 566; Mahnken v. Mahnken, 9 N. D. 191, 82 N. W. 870; 1 Bishop, Marr. & Div. 1574.

A long-continued course of ill treatment, even without physical violence, and where a continuance of cohabitation under the circumstances would be likely to impair health and imperil the life of the wife, she is entitled to a divorce. Hullinger v. Hullinger, 133 Iowa, 269, 110 N. W. 470; Shook v. Shook, 114 Iowa, 592, 87 N. W. 680; Berry v. Berry, 115 Iowa, 543, 88 N. W. 1075; Pfannebecker v. Pfannebecker, 133 Iowa, 425, 119 Am. St. Rep. 608, 110 N. W. 622.

Mental anguish and wounded feelings, constantly aggravated by repeated insults and neglect, are as bad as actual bruises to the person, and that which produces the one is not more cruel than the other. Glass v. Wynn, 76 Ga. 319; Kelly v. Kelly, 18 Nev. 49, 51 Am. Rep. 732, 1 Pac. 194; Gholston v. Gholston, 31 Ga. 625; Kempf v. Kempf, 34 Mo. 211; Small v. Small, 57 Ind. 568.

In its effect upon the marriage relation, cruel conduct, which has effectually destroyed it, cannot be regarded other than extreme. Briggs v. Briggs, 20 Mich. 42; 2 Bishop, Marr. & Div. §§ 1430, 1437; Mosher v. Mosher, 16 N. D. 269, 12 L.R.A.(N.S.) 820, 125 Am. St. Rep. 654, 113 N. W. 99; Skinner v. Skinner, 5 Wis. 451; Freeman v. Freeman, 31 Wis. 235.

It is settled law in this jurisdiction that slight corroboration is all that is necessary to comply with the provisions of our statute. Clopton v. Clopton, 11 N. D. 212, 91 N. W. 46; Tuttle v. Tuttle, 21 N. D. 508, 131 N. W. 460, Ann. Cas. 1913B, 1.

On the question of alimony, it is the husband's duty to maintain his wife. This does not depend alone upon his visible property. His ability is the measure of his duty, so that if he exerts himself his actual earnings become faculties for alimony; or, if he will not exert himself, his capacity for earning must be estimated. 2 Bishop, Marr. & Div. §§ 892, 1007, 1008, 1035, note 1; Pauly v. Pauly, 69 Wis. 419, 34 N. W. 512; Re Spencer, 82 Cal. 110, 23 Pac. 37.

Every injury is entitled, in law, to its pecuniary compensation, so that, in addition to her maintenance, the wife should have something for her mental suffering, and the loss of her husband's society. 2

Bishop, Marr. & Div. §§ 1008, 1009, 1033, 1129; Burr v. Burr, 7 Hill, 207; Turrel v. Turrel, 2 Johns. Ch. 391; Mussing v. Mussing, 104 Ill. 126; Pauly v. Pauly, 69 Wis. 419, 34 N. W. 512; Jackson. v. Jackson, 91 U. S. 122, 23 L. ed. 258; Rev. Codes 1905, § 4073, Comp. Laws 1913, § 4405; Rev. Codes 1899, § 2761; Robinson v. Robinson, 79 Cal. 511, 21 Pac. 1095; DeRoche v. DeRoche, 12 N. D. 25, 94 N. W. 767, 1 Ann. Cas. 221.

"As between parents adversely claiming the custody or guardian-ship of the children, neither party is entitled to it as a right, for, other things being equal, if the child is of tender years, it should be given to its mother." Rev. Codes 1905, § 4129, subdiv. 2, Comp. Laws 1913, § 4461; 2 Bishop, Marr. & Div. §§ 1196, 1215.

Especial expenditures may be required for the children in ill health, and for many other causes. 2 Bishop, Marr. & Div. § 1216; Plaster v. Plaster, 67 Ill. 93.

*J. F. Callahan,* for respondent.

If the appeal of this appellant is dismissed, the respondent should not be required to pay any counsel fees or other costs. An attorney who advises a client to appeal in a case of this kind should be willing to hazard his fee on the correctness of his judgment. Jordan v. West-erman, 62 Mich. 170, 4 Am. St. Rep. 836, 28 N. W. 826; Barn-grover v. Pettigrew, 128 Iowa, 533, 2 L.R.A.(N.S.) 260, 111 Am. St. Rep. 206, 104 N. W. 904.

The questions of "mental anguish" and "sufficiency of the evidence" in this class of cases have been passed upon and settled by this court. Clopton v. Clopton, 10 N. D. 569, 88 Am. St. Rep. 749, 88 N. W. 562; Mahnken v. Mahnken, 9 N. D. 188, 82 N. W. 870; Gardner v. Gardner, 9 N. D. 192, 82 N. W. 872; Mosher v. Mosher, 16 N. D. 269, 12 L.R.A.(N.S.) 820, 125 Am. St. Rep. 654, 113 N. W. 99; Rindlaub v. Rindlaub, 19 N. D. 352, 125 N. W. 479.

False charges of adultery made by either husband or wife, mali-ciously and without probable cause, constitute legal cruelty. Palmer v. Palmer, 45 Mich. 150, 40 Am. St. Rep. 461, 7 N. W. 760; Rein-hard v. Reinhard, 65 Am. St. Rep. 80, note; 14 Cyc. 606.

The district court undoubtedly denied relief to either party on the theory that neither was blameless, and that neither had sufficiently corroborated the claims made. Tuttle v. Tuttle, Ann. Cas. 1913B, 1,

note; note to MacDonald v. MacDonald, 25 L.R.A.(N.S.) 45; Weiss v. Weiss, 174 Mich. 431, 140 N. W. 587.

Goss, J. Plaintiff brought this suit for divorce in July, 1913. The defendant answers and by cross complaint asks that she be granted a decree of divorce with alimony and suit money. In May, 1914, after trial, judgment was entered on the merits, dismissing both the plaintiff's complaint and defendant's cross bill, and assessing no costs.

Briefly the facts are that after some six months of courtship the parties were married January 3, 1912. Trouble began in April following, resulting in separation in June. In August, 1912, plaintiff began a first action for divorce. Before trial a reconciliation was effected and on December 24, 1912, the parties resumed married relations. Harmony prevailed for a couple of months before domestic difficulty then began. About the last of May, 1913, they finally separated. This action followed two months later. A boy, Oscar Gray, Jr., was born of the marriage, January 30, 1914. Plaintiff was fifty-six and defendant twenty-eight years of age at marriage. Plaintiff had never been married. Defendant married at twenty but had obtained a divorce from her first husband in November preceding her marriage to plaintiff in January, 1913. Her daughter, Frances Comfort, six years of age at the time of defendant's marriage to plaintiff, lived with plaintiff and defendant. Plaintiff's aged parents and his unmarried sister lived near the residence of the parties in Casselton. Defendant's mother and family resided a short distance in the country during the times in controversy.

It is unnecessary to recite much evidence. Defendant claims cruel and inhuman treatment, and alleges that plaintiff required her to use drugs to prevent pregnancy; that this caused her great and grievous mental suffering, distress and pain of mind, and constituted in fact and in law sufficient grounds for divorce. It is admitted that suppositories to prevent conception to the number of four or six dozen, according to the claim of the contending parties, were used while they were living together,—a period of a year. Each accuses the other of being the procuring cause in obtaining them. Both admit their use. Expert testimony offered by defendant as to whether injuries would result from their use to the degree claimed is conflicting. One physician

leaves the matter problematical or very doubtful as to whether injuries could have resulted to defendant from the amount used. Defendant's other expert witness is certain that any use of them whatever must have resulted in her physical injury to some extent. Aside from this there is no proof worth consideration of injurious results. The complaint does not allege as a ground for divorce that physical injury resulted from such cause, or at all, but bases cruelty solely upon distress of mind inflicted. It is apparent that the use of drugs was casual, and not habitual, nor to the extent claimed by defendant. It was without result in any event as the birth of the child two years after the marriage established.

The questions in issue are of fact in the first instance with credibility the determining factor. Flat contradictions of the principal witnesses are many. Corroborating circumstances seem to be with plaintiff rather than with defendant's version of the domestic difficulties, but reading between the lines neither is without fault, and it is difficult to say that one was more to blame than the other. Near relatives intermeddled with the probabilities being that the husband's mother and sister aided materially making the wife's position more or less uncomfortable from the start. Her testimony descriptive of her early treatment by them seems to bear all the earmarks of truth. As to the mother of defendant, she seems to have been a peace-maker rather than a disturbing element. From the printed record the reader would conclude that left by themselves the parties would live together with a reasonable degree of domestic tranquility. Probably the plaintiff failed to make allowance for his wife's peculiarities, petulancy, and comparative youth, when his age is considered. Defendant, perhaps, could not be expected to at all times be wholly responsible for her conduct, nor to be as reasonable, agreeable, and pleasant as her husband would desire. Plaintiff was somewhat austere and cold with her. Disparity of age entered in, and with it differences of habit, temperament, and tendencies. The use of the drugs above referred to, it would seem, was by mutual consent, and the husband cannot be held guilty of abuse of the wife solely upon that score. As to their acts, many in number and concerning which there is much testimony, there was but little that was much more than trivial; nothing but what could and should have been overlooked in the other. Her serious offense consisted in

speaking as she did to some of the witnesses who have testified concerning it of her husband and his sister. Her statements and her explanation as to what she said are at variance with what the fact would be found to be if that were more important. Doubtless, however, she was actually looked upon as an interloper instead of as a member of the family from the viewpoint of the husband's immediate relatives. Such may afford some excuse, although it does not justify her statements. But had her husband dealt more open-handed with her in matters of finance it would have been better. Frugality may be so extreme as to be unwise when practised by the husband toward his wife. Everything considered, it cannot be said that the learned trial court, who saw the witnesses face to face and heard them testify, was in error. He was in a position to determine the amount of credence to which each witness was entitled on the many disputed questions of fact. This court is not. It is impossible to pass as accurate judgment on such matters from the cold record as was afforded the trial judge. His conclusions are adopted on the facts. Nor can it be said as a matter of law that either of the parties is entitled to a divorce.

However, without setting a precedent in such cases, defendant's costs on appeal, if any remain unpaid, will be paid by plaintiff. And for preparing defendant's brief and arguing her cause in this court and as a balance in full of attorneys' fees to her attorney of record, a further allowance of $150 over any unpaid costs will be made. In case of default for thirty days after filing of remittitur herein in the payment of such fees and costs allowed, defendant or her attorney may procure a judgment to be entered in the lower court on remittitur herefrom, and have execution therefor. To this extent the judgment entered is modified.

It is so ordered.

## On Rehearing. (Filed Oct. 19, 1915.)

Goss, J. Appellant seeks a rehearing. Counsel's carefully prepared petition evidences such a desire to render but a dispassionate discussion of the case that it calls for an answer. A strong appeal is made that a divorce be granted because of this being the second

suit for divorce brought by plaintiff without foundation, as determined by the judgment entered. It is also asserted that it will be impossible for the parties to ever live together in happiness; that neither can have the confidence in or affection for the other necessary for domestic tranquillity; that the husband is shown to possess no love for his wife; that his conduct has been such as to destroy all her regard for him, and that in the future his demeanor will be such as to be intolerable to her. That under these circumstances she should not be required to remain his wife, but be granted a divorce.

Appellant's reasoning and conclusions as well seem to assume, without his realizing their full import, that domestic trouble, loss of respect, esteem or affection of one spouse toward the other, creates a condition which necessarily should be ended by divorcement. It is not altogether the best interests of the parties that control. The state is vitally interested, and it has a duty in the matter. Divorce is not based upon any theory of mutual discord alone. Else every family could produce the discord and dissolve at pleasure. There is nothing of which this husband is guilty that amounts to a cause for divorce accruing to the wife. The same is true of the wife's conduct toward him. Whether they resume marital relations depends upon themselves. That they may remain separate is their own affair and the result of their own wilfulness or past folly.

Counsel's petition also assumes that plaintiff is absolved from supporting his wife and his son. Such is neither the express holding, nor the legal effect of this judgment. The husband remains under full obligation to support his family. No assumption that he will not do so properly and to her entire satisfaction will be indulged. Should he fail in his duties toward her in this respect, an action will lie for maintenance. This is mentioned to dispel any doubts as to the future rights and liabilities of the parties.

The petition for rehearing is denied.