HATHAWAY, Respondent, v. HATHAWAY, Appellant

(24 N. W.2d 33.)

(File No. 8831. Opinion filed August 15, 1946.)
Rehearing Denied September 5, 1946.

**Royhl & Longstaff,** of Huron, for defendant and Appellant.

**W. R. Danforth,** of Mitchell, for plaintiff and Respondent.

MUNDT, Circuit Judge. Plaintiff and respondent commenced this action for divorce upon the ground of desertion on the part of the defendant and appellant, alleging that the appellant refused to move to Sioux City, Iowa, and other places where he had been located by his employers. At the trial respondent amended his complaint alleging as a second cause of action that the appellant refused to have reasonable matrimonial intercourse with him, although physically capable of so doing.

The appellant by way of answer and cross-complaint denied the allegations of the complaint, and alleged adultery on the part of the respondent, also desertion and non-support, and prayed for a decree of separate maintenance.

The trial court made findings of fact and conclusions of law granting respondent a divorce upon his second cause of action. A motion for a new trial, upon the grounds of insufficiency of the evidence to sustain the findings and surprise and accident at the trial caused by the allowance of the amendment, was denied. An appeal to this court is taken from the judgment entered and from the order denying a new trial.

It appears from the record that upon the trial, when respondent was on the stand, his counsel interrogated him as to what his sex relations were with his wife over a period of years. Counsel for appellant objected to such evidence because it was not within the issues framed by the pleadings. The trial court sustained the objection. Counsel for respond-

ent then moved for leave to amend his complaint by alleging that at all times during their married life the appellant, notwithstanding the fact that she was physically able so to do, refused, except for a period of about seven years after their marriage, to have any sexual relations with him. The trial court permitted the amendment but advised counsel for appellant that if he desired time within which to prepare to meet such issue the court would grant a continuance. Counsel for appellant asked permission to consult wtih his client, which permission was granted. After such consultation, he stated in open court that appellant had elected to proceed with the trial. During the trial, Dr. Sexton, the appellant's physician, was subpoenaed as a witness and interviewed by appellant's counsel, but was not called to testify.

Appellant claims that she expected Dr. Sexton would testify that her health was such that she could not safely indulge in sexual relations with her husband subsequent to the year 1934, and that his refusal to so testify constituted surprise which ordinary prudence could not have guarded against; that Dr. Sexton, after consulting his office records, is now ready to so testify; and such evidence is urged in support of a new trial in the nature of newly discovered evidence.

Did the trial court abuse its discretion in denying a new trial? Was there such accident and surprise which ordinary prudence could not have guarded against? Could the newly discovered evidence, with reasonable diligence, have been discovered and produced at the trial?

■ It appears to us, as it did to the learned trial court, that the surprise was not of a character justifying a new trial. The newly discovered evidence could have been ascertained by the appellant with the exercise of due diligence. No continuance was asked for, although the trial court indicated that such a continuance would be granted.

■ A new trial will not be granted on the ground of surprise except on a sufficient ground, especially not where the appellant was offered, but refused, a postponement to

meet any unexpected evidence. 27 C. J. S., Divorce, § 158, p. 782.

The record in this case discloses that after the trial of the case was finished the court granted an extension of fifteen days within which certain depositions might be taken, and did not actually close the taking of testimony until after those depositions were taken. Appellant, therefore, had approximately two weeks after the close of the main case within which to consult her doctor and obtain the evidence which is now submitted in the form of an affidavit on the application for a new trial.

The question as to what diligence is required of a party preparing for trial was fully considered in the case of Gaines v. White; 1 S. D. 434, 47 N. W. 524.

■ The granting or refusing of a new trial on the ground of newly discovered evidence is addressed to the trial court's sound judicial discretion, and unless there has been a manifest abuse of such discretion, it will not be interfered with on appeal. Palmer v. Schurz, 22 S. D. 283, 117 N. W. 150; Zarneke et al. v. Kitzman, 44 S. D. 295, 183 N. W. 867; Habeck v. Habeck, 51 S. D. 455, 214 N. W. 846.

It is next contended by appellant that the trial court's findings of fact and conclusions of law are not supported by the evidence, and that a judgment in her favor should have been entered on her cross-complaint for separate maintenance.

■■ We have carefully examined the record, and find there is abundant evidence to sustain each of the findings of the trial court. The findings of the trial court will not be disturbed on appeal unless the evidence clearly preponderates against them. Dodson v. Crocker, 16 S. D. 481, 94 N. W. 391. Everything considered, it cannot be said that the learned trial judge, who had the parties before him and who heard the witnesses testify, was in error. He had a better opportunity than this court to determine the weight to be given to the evidence submitted. Habeck v. Habeck, supra; Gray v. Gray, 31 N. D. 618, 154 N. W. 530; Pollock v. Pollock, 9 S. D. 48, 68 N. W. 176.

We find no error in the record, and the judgment and order appealed from are affirmed.

MUNDT, Circuit Judge, sitting for POLLEY, J.

All the Judges concur.