(91 N. W. Rep. 44.)

---

### WILLIAM C. CLOPTON *vs.* JOSEPHINE CLOPTON.

---

**Divorce—Reference.**

> This action was brought to obtain a divorce from the bonds of matrimony upon the ground of extreme cruelty. Defendant appeared by attorney, who served and filed an answer to the complaint, which admitted the marriage and denied all other allegations of the complaint. After issue was joined, the trial court, upon the written consent of counsel, by its order referred the case, with directions to take the testimony and report the same to the court; and thereafter the referee took the testimony, and reported the same to the court, but did not make or report any findings in the case.. *Held*, that such reference was properly made despite the fact that the statute (article 7, c. 10, Code Civ. Proc.) does not in terms authorize such limited reference. In divorce cases the jurisdiction is of statutory origin, but the procedure, unless the statute otherwise directs, is that which obtains in courts of chancery. In such courts the authority to require a master or a referee to take and report the evidence, either with or without findings is inherent.

**Waiver of Objections.**

> A reference having been consented to, counsel cannot object to the same for the first time in this court.

**Corroboration as to Marriage.**

> The fact of the intermarriage of the parties was alleged in the complaint, admitted in defendant's answer, and testified to by the plaintiff, but such testimony was not corroborated. *Held*, construing section 2757, Rev. Codes 1899, that said testimony of the plaintiff did not require corroboration.

**Residence Sufficient.**

> Evidence examined, and *held*, that the plaintiff's residence in this state in good faith for 90 days prior to commencing this action is established, and that the plaintiff's testimony as to such residence is sufficiently supported by corroborating evidence.

**Hearsay—Corroboration by Physician.**

> The plaintiff testified fully and in detail to the facts alleged as grounds of action and to the results produced upon his health by the alleged extreme cruelty of the defendant, and testified also that

he consulted a physician and took medical treatment as a means of obtaining relief from bodily ailments caused by the cruel and inhuman treatment he received at the hands of defendant. This testimony was corroborated by the physicians who treated the plaintiff for the bodily ailments which the plaintiff stated to his physician were caused by the strain and worry arising from his domestic troubles. *Held*, that the testimony of the physicians was competent under an exception to the rule excluding hearsay evidence, and that such testimony constituted corroboration, within the meaning of section 2757, supra.

### Collusion Excluded by Evidence.

The statute requiring corroborating evidence in support of the statements, admissions, or testimony of the parties voices a rule of ancient origin, and the purpose of the rule is to guard against the evil of granting collusive divorces. Accordingly, it is *held*, where the element of collusion is excluded, that the reason for the rule falls; and in such cases, while there must be corroborating evidence to satisfy the statute, such evidence need not extend to every feature of the matrimonial offense. The degree of corroboration is not defined or specified in the statute. Said statute is adopted from the Code of California, and the adjudications of that state construing the same are adhered to in this case.

Appeal from District Court, Morton County; *Winchester*, J.

Action by William C. Clopton against Josephine Clopton. Judgment for plaintiff, and defendant appeals. Affirmed.

*Cochrane & Corliss* and *E. C. Rice,* for appellant.

*Newman, Spalding & Stambaugh,* for respondent.

WALLIN, C. J. This action was brought to obtain a divorce from the bonds of matrimony, and the plaintiff alleges extreme cruelty as a cause of action. On February 2, 1899, the court below entered judgment divorcing the parties. Defendant has appealed from the judgment, and in the statement of the case, which embraces all of the evidence offered and proceedings had at the trial, the defendant demands a retrial of all the issues in this court. The complaint alleges that plaintiff and the defendant intermarried on or about the 16th day of December, 1896, in the state of New York, and that there are no children living as the issue of such marriage; and further alleges "that the plaintiff now is, and for a period of more than ninety days immediately preceding the commencement of this action has been, a resident of this state in good faith." The plaintiff also alleges in general terms that defendant is a woman of violent and ungovernable temper; that ever since said marriage the defendant has abused and cruelly maltreated the plaintiff, and that on two occasions, to wit, on June 29, 1898, and on October 15, 1898, the defendant assailed and struck the plaintiff; and that defendant's cruel and inhuman treatment of the plaintiff has caused the plaintiff great mental suffering, and impaired plaintiff's health to such an extent that he has been rendered unfit to attend to his business affairs. The answer of the defendant, after admitting the averment of marriage, de-

nies all the other allegations of the complaint. Defendant's answer was served and filed in the district court on the 26th day of January, 1899, one James E. Campbell, an attorney at law, residing at Mandan, N. D., appearing for defendant, and verifying her answer. The record shows that on the 2d day of February, 1899, the following stipulation in the action was filed with the clerk of the district court for Morton county: "It is hereby stipulated by and between the plaintiff and defendant that the above-entitled action be referred to Lydia W. Heuman to take the testimony therein, and that all the depositions taken in said action be submitted to the court; and it is further agreed that said cause be submitted to the court for determination and decision at the chambers of the judge of said court at Bismarck on February 2, 1899, at 2 o'clock p. m. Dated February 2, 1899. H. G. Voss, Attorney for Plaintiff. J. E. Campbell, Attorney for Defendant." On the same day the judge of the district court made an order of reference in the action as follows: "The above cause being an issue upon the complaint of the plaintiff and the answer of the defendant thereto, and it being agreed between the counsel for the plaintiff and the defendant, this cause being a proper case to be referred, on motion of H. G. Voss, Esq., attorney for the plaintiff, and by consent of the defendant's counsel, Lydia W. Heuman is hereby appointed referee to take the testimony in the above-entitled action on written questions and answers, and report the same to this court at her earliest convenience. W. H. Winchester, Judge of said District Court." It further appears that upon said 2d day of February, the referee made and filed her report, embracing the evidence taken by her, and that upon said day the trial court made, signed, and filed its findings of fact and conclusions of law in the action. Said findings recite, in effect, that the action was tried on February 2, 1899, and that Hoggatt, Caruthers, and H. G. Voss appeared at the trial in behalf of the plaintiff, and James E. Campbell appeared for the defendant. The first and second findings of fact are as follows: "(1) That the plaintiff now is, and ever since and for more than ninety days prior to the commencement of this action has been, a resident of the state in good faith. (2) That theplaintiff and defendant were married at New York City in the year 1896, on or about the 16th day of December, and now are, and ever since have been, husband and wife." The third finding of fact is to the effect that the charge of extreme cruelty as contained in the complaint is true, and that the specific acts of cruelty set out in the complaint were committed by the defendant, and that the cruel and inhuman treatment of the plaintiff by the defendant caused plaintiff great mental suffering, and resulted in producing sickness and nervous prostration, from which the plaintiff was and had been a great sufferer. The court, as a conclusion of law, found that the plaintiff was entitled to a divorce, and thereafter, by its order, directed the entry of a judgment in favor of the plaintiff. Where-

upon, and on February 2, 1899, a judgment was regularly entered divorcing the parties from the bonds of matrimony.

The evidence taken and reported to the court by the refereee contained only the testimony of the plaintiff and a certain exhibit put in evidence in connection with the plaintiff's testimony, said exhibit consisting of a physician's certificate signed "J. C. Minor, M. D." In addition to the evidence reported by the referee, the plaintiff introduced the deposition of Dr. Austin W. Hollis, of New York City. The defendant offered no evidence, nor did her counsel, who was present at the trial, attempt to cross-examine the plaintiff, who testified orally in his own behalf before the referee. The appellant's counsel have assigned errors in this court briefly as follows: (1) The court erred in making its findings of fact and law without having the original complaint before the court in doing so. (2) The court erred in entering judgment, for the reason that no evidence was taken in open court, and the report of the referee did not embrace findings of fact or law. (3) The court erred in making its finding of fact, because the plaintiff's testimony was uncorroborated, (4) The court erred in making its findings of fact, because there was no corroboration of the marriage, or of the plaintiff's residence in this state in good faith. (5) The evidence did not show jurisdiction of the case in the district court.

With reference to the assignments of error relating to alleged irregularities of procedure in the case before the district court, it will suffice to say that any such irregularities, if any exist, unless they go to matters of jurisdiction, furnish no ground whatever for reversing the judgment entered below in this class of cases. The action was tried to the court, under section 5630 of the Revised Codes of 1899, and the defendant has availed herself of the right conferred by that section to bring the case to this court for trial anew upon all the evidence offered at the trial. In this class of cases a new trial is had in this court upon the merits, and this court does not sit to correct mere irregularities or errors of law occurring in the court below. Nevertheless we have considered the assignments of error. The first, in matters of fact, seems to be sustained by the record. The original complaint and the summons were served on defendant in the state of New Jersey, and the record indicates that the papers had not been returned, and were not before the court at the trial. But there is no proof before this court, and the fact cannot be presumed, that the trial court proceeded to hear and determine the case without having either copies or the original pleadings before it. The contrary presumption must be indulged in the absence of evidence upon the point. Nor do we think that the fact that no testimony was taken in open court, or that the referee, in reporting the testimony, omitted to make findings of fact or law, constitute error or irregularity. There is no statute in this state requiring that the testimony in a divorce case shall be elicited in open court, but the statute does forbid the granting of a divorce upon any

findings of a referee alone. Such findings must, when made, be supported by the evidence, and the court is required to rest its conclusions of fact upon the testimony. Section 2757, Rev. Codes 1899, reads as follows: "No divorce can be granted upon the default of the defendant or upon the uncorroborated statement, admission or testimony of the parties, or upon any statement or finding of fact made by a referee, but the court must, in addition to any statement or finding of the referee, require proof of the facts alleged." This section contemplates that a referee may make a statement of the facts or finding of facts, but, when the same is made, the court must, in addition thereto, require proof of the allegations constituting the cause of action. But this section nowhere undertakes to prescribe the mode or manner of taking the required proof, and hence the mode or manner of taking proof must be governed by other provisions of law. But counsel cite section 5455, Rev. Codes 1899, and contend that the reference to take and report the evidence was unlawful or unauthorized for the reason that the statute governing the matter of references makes no specific provision for any such reference, but requires all references which are made by consent to be for the purpose of trying either all or a part of the issues. It will be conceded that the statute does not, where a reference is had by consent, affirmatively confer authority to order a reference for the limted purpose of taking and reporting the testimony; but in divorce cases the procedure, except as modified by statute, is that which obtains in courts of equity. See Nels. Div. & Sep. p. 16, and cases in note 1. See, also, *Sharon* v. *Sharon,* 67 Cal. 185, 7 Pac. Rep. 456, 635, 8 Pac. Rep. 709. There can be no doubt of the inherent power of a court of equity to appoint a master or referee to take and report the testimony for the consideration of the court. 17 Enc. Pl. & Prac. 986. And it is discretionary with a court of equity to send a case to a referee to report the testimony either with or without findings. In *Baker* v. *Baker,* 10 Cal. 527, under a statute practically the same as section 2757, Rev. Codes 1899, the court said: "But suits for divorce are by statute excepted from the general rule. The whole issue in that class of cases cannot be referred, even by stipulation, and the referee cannot pass upon testimony. If he makes any statement or finding of facts, the court is bound to disregard it, and base its decree upon the legal testimony taken in the case." But in the case at bar the order of reference was based upon a stipulation signed by counsel on both sides, and filed in court. Having thus consented to the reference, counsel cannot be heard to object to the same; and this is doubly true where the objection to the reference is raised for the first time in the appellate court. Upon this feature of the case a decision of this court is directly in point. See *Heald* v. *Yumisko,* 7 N. D. 423, 75 N. W. Rep. 806.

But counsel claim—and this is their principal contention—that the individual testimony of the plaintiff is wholly unsupported as to one material feature of the case, and that as to other material

features the corroboration is inadequate, and fails to meet the requirements of section 2757, Rev. Codes 1899, above set out. Our attention is called to the fact that no witness except the plaintiff testified to the fact of marriage. But the allegation of marriage contained in the complaint is expressly admitted by the answer to the complaint. It is, of course, needless to say that in actions other than divorce actions any material fact alleged in the complaint and expressly admitted by the answer is sufficiently established for all purposes of the case. Under this rule the plaintiff's testimony as to his marriage with the defendant was entirely unnecessary. But counsel insist that the fact of marriage is the primary fact in an action for divorce, and that under the statute such fact cannot be shown by the uncorroborated evidence of the parties, even when supplemented by the admission of the parties. This contention makes it necessary to consider and construe the language of section 2757; and in doing so we have found that this section voices a rule which was established by the divorce courts in England, and was adopted in this country long prior to the enactment of the statute in the state of California, from which state it was borrowed and re-enacted by the territory of Dakota. The rule and the statute are alike intended to operate as a barrier against granting collusive divorces. A collusive divorce is one obtained by a corrupt connivance between the husband and wife, wherein one party consents or passively submits to the commissions of acts which will furnish apparent grounds of divorce; or where there is a collusive agreement to represent to a court that one of the parties has committed acts which constitute grounds for divorce. Revised Codes 1899, § § 2745, 2746. In this case there is not a scintilla of evidence of any such collusion or connivance. It is true, and there is ample evidence of the fact in the records and files of this court, that an arrangement was made between the parties with a view to avoiding a threatened scandal and of softening the asperities of a contemplated action for a divorce. *Clopton* v. *Clopton,* 10 N. D. 569, 88 N. W. Rep. 562. But such arrangements as these, when they go no further, are not amenable to judicial censure. There are no acts of recrimination pleaded by the defendant, and, so far as appears, no grounds for an action exist against the husband for a divorce. Nor is there a pretense in this record that the defendant has any defense to this action on the merits. In such cases the fact that a defendant puts in no evidence involves neither collusion nor suspicion of imposition upon the court. In some cases such a course is deemed to be meritorious. See 2 Bish. Mar. & Div. § 253. But the rule under consideration was never intended to be an obstacle in proving the fact of marriage, and it has been so distinctly held in California, in a case where a section of the code corresponding with that in this state was expressly passed upon. See *Fox* v. *Fox,* 25 Cal. 588. See, also, *Harman* v. *Harman,* 16 Ill. 85, 87. In the California case, as in this case, the complaint alleged and the answer admitted the mar-

riage. Commenting upon this fact, the court used the following language in construing the statute of California: "The statute was framed to prevent collusion between the parties having for its object the dissolution of the marriage relation, not its creation. The fact of the marriage is fully established by the defendant's failure to deny it in her answer, and that is equivalent to the most direct proof." See, also, *Baker* v. *Baker*, 13 Cal. 88. The reasoning of these adjudications seems to be conclusive upon the point under consideration, and we shall, therefore, hold that 'the marriage is duly established.

But it is further claimed that the plaintiff's good-faith residence in this state is not shown by sufficient corroborating evidence. The plaintiff undoubtedly had the burden of establishing the fact of his good-faith residence in this state for the then statutory period of time, viz., 90 days, prior to commencing of this action. We think this fact was established. The plaintiff testified that he had in good faith resided in this state 90 days before he brought the action, and this evidence was supported by the testimony of Dr. Hollis, who testified as follows: "Q. Do you know where Mr. Clopton is now residing? A. In the state of North Dakota." Neither of these witnesses were cross-examined, nor did the defendant offer testimony upon the question of plaintiff's residence. The court, representing the public, did not see fit to interfere by requiring further testimony upon the matter of residence, as it might properly have done if not fully satisfied in this regard. See *Smith* v. *Smith*, 10 N. D. 569, 86 N. W. Rep. 721. We think, therefore, that the fact of residence in good faith is established by competent testimony, and that the testimony of the plaintiff is sufficiently corroborated upon this point within the meaning of the statute.

But counsel lay greatest stress upon their contention that the cause of action stated in the complaint, and to sustain which the plaintiff testified fully, strongly, and in detail, is not supported by sufficient corroborating evidence. This contention presents the only question of serious difficulty in the case. The statute (§ 2757) has crystalized a pre-existing rule of evidence in divorce cases. Our duty is to apply the rule according to its letter and spirit. The question in this case, therefore, is, what is meant by the language of § 2757, which reads: "No divorce can be granted upon the default of the defendant, or upon the uncorroborated statement, admission or testimony of the parties." The testimony of the plaintiff covers and fully sustains all of the material facts stated in the complaint as a cause of action. This testimony is not met by any opposing testimony. Nevertheless, under the statutory rule, the plaintiff's evidence, however convincing, is inadequate, and the same must be aided by corroborating evidence or the action must be dismissed. Has the plaintiff's evidence been corroborated? This question can be solved only by a construction of the statutory phrase "uncorroborated testimony." Does this phrase imply that every element

and ingredient of the matrimonial offense must have the support of evidence other than the admissions or testimony of the parties? We think otherwise. To give the rule of the statute a rigid and inflexible interpretation would greatly tend, in our judgment, to defeat the ends of justice in many cases. It is a matter of common knowledge that the most serious matrimonial offenses are most frequently committed in the privacy of the home, and where none but the husband and wife are present to witness the commission of the wrongful acts. Brown, Div. p. 127. If it were to be the rule that every feature of the cause of action must be established, not alone by the testimony of the injured party, but by other witnesses as well, who are able to fully corroborate the testimony of the party, it is easy to see that very many meritorious cases would be lost, and that many suitors would be denied relief and sent out of court, and that, too, in cases in which there is found no element of collusion, and where the chancellor who dismisses the action under the compulsion of the statute is fully satisfied, from the competent evidence in the case, that a divorce should be granted. The rule of the statute places the admissions and confessions of the parties upon common ground and in the same category as the testimony of the parties, and requires that either or all combined must have corroboration. But the learned author in 2 Bish. Mar. & Div. § 781, speaking of confessions, says: "Every rule of law must be interpreted by its reason, and we have seen that the reason of the rule which renders confesisons when unaided by other evidence, inadequate for divorce, is to prevent collusion, or what actually occurred before its adoption, namely, the obtaining of divorces where the justifying direlictions did not exist. * * * But where there is no room for that element, no evidence can be stronger. Therefor the evidence accompanying and corroborating the confessions may be either such as, like them, tends directly to prove the issue, or such as simply negatives collusion." The same author, in section 729, Id., in summing up the California rule, uses this language: Therefore, where the other testimony and the other circumstances negative collusion, and leave no doubt of the truth of the confessions, the courts will act upon them." This reasoning, in our judgment, applies with equal force to the testimony of the parties. Our views have support in cases from the state of California which are based upon the identical statute we are here called upon to construe. See *Evans* v. *Evans,* 41 Cal. 104; *Venzke* v. *Venzke,* (Cal.) 29 Pac. Rep. 499. In the case last cited the plaintiff testified that she had contracted a venereal disease from the defendant, and a physician's testimony to the effect that he had treated plaintiff for such disease was deemed corroboration. In its opinion the court quotes with approval the language used in *Evans* v. *Evans,* as follows: "In the very nature of the case it would be impossible to lay down any general rule as to the degree of corroboration which will be requisite. Hence the statute only requires that there shall be some corroborating evidence. See *Cooper* v. *Cooper,* 88 Cal. 45, 25

Pac. Rep. 1062. In the case under consideration it must be conceded that the corroborating evidence goes no further than the testimony of physicians to the effect that they treated the plaintiff for neurasthenia, or nervous prostration, in the years 1897 and 1898, and Dr. Hollis testified that the plaintiff said to him during such treatment that his condition was the result of worry and mental strain brought on by domestic trouble, and that such bodily ailments as the plaintiff then had could be caused by mental worry and domestic troubles, such as were related to him by the plaintiff during his treatment of the plaintiff as a physician. Dr. Hollis testified as follows: "His sufferings were mainly symptomatic, mental irritability, disorders of digestion and secretions, brought about, as far as I could determine, from worry. * * * He said it was domestic trouble. Q. State whether or not his health was impaired to any extent. A. It was to the extent of being unable to perform any ordinary occupation." It is well settled that this class of evidence is admissible as an exception to the rule excluding hearsay evidence. See 1 Greenl. Ev. (16th Ed.) pp. 255, 256, and authorities. The plaintiff testified as to the results of his cruel treatment at the hands of the defendant as follows: "It has utterly ruined my health, and it is impossible for any man to live with this woman in peace and happiness." Plaintiff testified that he consulted Dr. J. C. Minor, of Hot Springs, Ark., and received a certificate from him, which was put in evidence. This certificate was received in evidence without objection, and under the statute (§ 5630, Rev. Codes 1899) this court is required to "consider" the certificate. It is, however, of little weight as testimony, but, so far as it goes, it tends to corroborate the testimony of Dr. Hollis and of the plaintiff as to the plaintiff's condition of health. In the present case we have failed to discover any grounds upon which this court should, in the interests of private justice, or with a view to public interests, direct a new trial of the action, especially as there are no facts which have come to the knowledge of this court which lead to the conclusion that a new trial would bring about a different result, or one more in consonance with justice. Counsel on both sides in their briefs have made reference to the evidence and record on the former appeal in this action. But in reaching our conclusions we have confined our investigation to the evidence and record on the appeal now under consideration. But we here take occasion to say that the opinion in the former appeal embraces an erroneous statement of fact, in this: we there said that the answer—referring to the answer filed by James E. Campbell "affirmatively admitted the plaintiff's residence in this state." See opinion, 10 N. D. 57, 88 N. W. Rep. 562. We did not then have said answer before us, and we were misled as to its contents by the appellant's abstract of its contents, which purported to give the substance of said answer. The error, was however, entirely immaterial upon the former appeal, for the reason that the question of plaintiff's residence was not involved on that appeal.

Our conclusion is that the judgment of divorce should be affirmed, and this court will so direct. All the judges concurring.
(91 N. W. Rep. 46.)