MARY A. MEYER, Appellant, v. FRED H. MEYER, Appellee.

**DIVORCE: Cruelty—Incompatibility of Temper.** Incompatibility of
1  temper is of itself no ground for divorce. Evidence reviewed
generally and *held* not to establish cruel and inhuman treatment.

*Appeal from Buchanan District Court.*—HON. J. F. CLYDE, Judge.

THURSDAY, FEBRUARY 18, 1915.

ACTION for divorce on the ground of cruel and inhuman treatment. Decree for the defendant dismissing plaintiff's petition. Plaintiff appeals.—*Affirmed.*

*Feely, Feely and Clark,* for appellant.

*Sager & Sweet,* for appellee.

GAYNOR, J.—This is an action for divorce, based on the grounds of cruel and inhuman treatment, endangering the life of the plaintiff. The cause was tried to the court in open

1. DIVORCE : cruelty : incompatibility of temper.

court, and, upon submission, a decree was entered for defendant dismissing plaintiff's petition. From this the plaintiff appeals.

This is surely a fact case. No good purpose would be served by setting out the evidence upon which the plaintiff predicates her right to a divorce. The record is long and the complaints are many. Most of them appear to us to be trivial. It is true that life is made up of little things. No human being has ever lived so perfectly that, in all his life, when it was scanned with care, there could not be found some instance in which he failed to live up to the standard of those high ideals of human life by which we measure others. In judging these parties and in adjusting their trouble, we must consider the whole record of all the years they lived together. We must not judge them by one instance, or two instances in which they failed to come up to the full measure of responsibility, but must judge them in the larger light of all the disclosures. Neither of these parties is wholly without blame. We doubt if one is more to blame than the other, and we are inclined to think that if other influences had not come into the home life, jarring and disturbing as they were, this case would not be here for our consideration. Many of the things of which plaintiff complains were never voiced until this controversy arose. Many of the facts of which she now complains did not, at the time of their occurrence, appear to her in the light in which this record seeks to place them. There was no occasion for suppressing the complaints then if these things actually appeared to her in the light in which she would now have them appear. We cannot believe that her life, or even her health, has been in the least danger by any act of the defendant. Mere incompatibility of temper, the mere fact that they are not congenial to each other now, the fact that the love that first drew them together has not found full fruition in the

years that have intervened, however unfortunate it may be that it is so, does not justify us in severing the bonds. Nor does the fact that the plaintiff is now straining at the leash justify us in severing the leash that binds her. There are children here whose future is involved in this controversy. There is nothing in the relationship of the parties to indicate that a continuation of this relationship will prevent a full discharge of the duties which they owe as parents to these little children—duties imposed by law and born of natural instinct. We admonish these parents to look more seriously upon the duties that have grown out of their relationship—the duties they owe to other lives that have come out of their relationship.

Whatever we may think of the conduct of these parties towards each other, one thing is manifest, that there is no showing in this record that a continuation of the relationship has or will endanger the life or health of this plaintiff. We find no grounds for disturbing the judgment of the court below, and the case is—*Affirmed.*

DEEMER, C. J., LADD and SALINGER, JJ., concur.