SCHNABEL, Respondent, v. KAFER, Appellant.

(162 N. W. 935.)

(File No. 4047. Opinion filed May 26, 1917.)

1. **Highways—Use, Regulation of—"Traveled Part"—Statute Construed.**

Under Pol. Code, Sec. 1766, providing that whenever any persons shall meet each other on any road, etc., traveling with carriages, wagons, or other vehicles, each shall pass to the right of the middle of the traveled part of such road, **held,** that by the use of the words "traveled part," is meant that portion of the right of way actually used, and not the entire width of the highway.

2. **Negligence—Collision on Highway—Failure to Turn Out, Liability—Lookout, Failure of Other to Keep—Statute.**

Where an automobile driver going westward, who saw coming at a distance a bicycle rider, who was approaching on the south side of the wagon track in the highway and who did not see the automobile, might have turned to his right without meeting with obstacles, and thus have passed the rider without colliding with his bicycle, **held,** that it was the driver's duty, after seeing the rider, to exercise ordinary care to avoid the

collision; it appearing that had he given the rider half the highway, as required by Pol. Code, 1766, the accident would not have occurred; nor could the automobile driver escape liability on the ground of the other's negligence in failing to keep a lookout.

Appeal from Circuit Court, McPherson County. Hon. JOSEPH H. BOTTUM, Judge.

Action by John Schnabel, Jr., against Karl Kafer, to recover damages resulting from collision with an automobile. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*L. T. Boucher,* and *Thomas Ringsrud,* for Appellant.

*James M. Brown,* for Respondent.

(1) To point one of the opinion, Appellant cited: Daniels v. Clegg, 28 Mich. 32.

Respondent cited: Needy v. Littlejohn, 115 N. W. 483; Anderson v. Sparks, 125 N. W. 925.

(2) To point two of the opinion, Appellant cited: Kennard v. Burton, 25 Me. 39 (43 Am. Dec. 249); Fales v. Dearborn, (Mass.) 1 Pick. 345; Parker v. Adams, (Mass.) 12 Met. 415, 46 Am. Dec. 694; Angel v. Lewis, 20 Rhode Island 391, 78 Am. St. 881; Anderson v. Sparks, (Wis.) 125, N. W. 926.

Respondent cited: Action v. Ry. Co., 129 N. W. 225; Stephenson v. Parton, 155 Pac. 147; Gills v. Traction Co., 151 N. W. 896; Neary v. Northern Pacific Ry. Co., 97 Pac. 944; O'Brien v. Water Power Co., 129 Pac. 391; Hennessey v. Taylor, 76 N. E. 224; Gerhard v. Ford Motor Co., 119 N. W. 904.

POLLEY, J. Plaintiff, while riding on a bicycle along a country road in McPherson county, was struck and severely injured by an automobile driven by defendant, and brings this action for the recovery of damages resulting from said injuries. Plaintiff had judgment, and defendant appeals.

There is no dispute as to the facts. The road on which the accident occurred is in a lane, 66 feet wide, and bounded on either side by a barbed wire fence. No part of the road had been worked in the sense of having been rounded up or ditched and graded. The roadway that was used by the public for travel at that particular place consisted of but a single track that had been worn by wagons and other vehicles that had been passing over it. At the place where the accident occurred, this track ran along

within 10 feet of the wire fence along the north side of the lane.
Appellant was traveling from the east, in a westerly direction,
while respondent was coming from the opposite direction. Re-
spont was on the south side of the said wagon track, which was
the right-hand side of said track. Appellant saw respondent
coming from a distance of a quarter of a mile and reduced the
speed of his car to about 10 miles an hour, but did not turn out
of said roadway or track, or any part of it, nor did he sound his
horn or otherwise signal his approach, and respondent did not
see or hear the car or know of its approach until it was too late
for him to get out of the way.

That respondent's injuries are serious and permanent is not
disputed. But appellant contends that, as the respondent was
traveling on his left-hand side of the center line of the 66-foot
lane or right of way, he was guilty of negligence, and that, but
for such negligence, the accident would not have occurred. Sec-
tion 1766 of the Pol. Code attempts to define the rights and duties
of travelers while using the public highways of this state. This
section reads as follows:

"Whenever any persons shall meet each other on any bridge
or road, traveling with carriages, wagons, sleds, sleighs or other
vehicle, each shall pass to the right of the middle of the traveled
part of such bridge or road, so that the respective carriages or
vehicles aforesaid may pass each other without interference."

It is appellant's contention that the phrase, "middle of the
traveled part of the bridge or road," as used in said statute, means
a line parallel to and halfway between the boundary lines of the
66-foot right of way. But upon this subject the trial court
instructed the jury as follows:

"The traveled part of the road mentioned in the statute refers
to that part which is commonly used by the public for public
travel or has been worked, prepared, and made fit for public
travel. And I will say further, gentlemen, that the statute refers
not merely to the track in which parties are traveling, but to the
entire traveled portion of the high way, provided that the track
itself is not all there is in the traveled portion of the highway."

. We believe this to be the correct interpretation of said statute.
It is a matter of common knowledge that, while the right of way
for highways in this state is generally 66 feet wide, as a matter

of fact only a few feet of this width is used, and in many instances only a few feet of this width is available for travel or constitutes the traveled part of the road.

Appellants cites and relies upon Fales v. Dearborn, 1 Pick. (Mass.) 345, in support of his contention that the phrase "traveled part of the road" means the entire width of the right of way. The Massachusetts statute is the same as ours, but that case grew out of a collision between two carriages on one of the streets in the city of Boston where the street throughout its entire width, is presumed to have been kept open and prepared for general travel; and what is said in that case is not applicable to country roads in this state. The New York statute requires people, in passing each other, to turn to the right of the center of the road, and the New York court holds this to mean the center of the worked part of the road. Earing v. Lansingh, 7 Wend. (N. Y.) 185. The evidence in this case shows that, at the place where the accident occurred, no part of the road had ever been worked.

[1] Our statute is specific. By the use of the word "traveled," it was intended to distinguish the portion of the right of way that is actually used by the traveling public from the entire 66-foot strip that belongs to the public for highway purposes.

[2] Appellant's contention on this phase of the case is clearly untenable. But appellant contends that, although the interpretation given the statute by the trial court may be correct, respondent was negligent, in that he did not maintain a sufficient lookout to have discovered defendant's automobile in time to have gotten out of the road and thus have avoided the collision. To this contention there are two answers: First, respondent was entitled to half the road, and the undisputed evidence shows that he was on the right side of the road at the time of the collision; so that if appellant had turned to the right of the middle of the road, as the law and common usage of the road required him to have done, his car would not have interfered with respondent's bicycle, even though respondent had not seen the car at all. The second answer to appellant's contention is that, after seeing respondent, it was appellant's duty to exercise ordinary care to avoid the collison even if respondent had been on the wrong side of the road. The evidence shows that, at the place where the accident occurred, the ground between the road and the fence on the north side of the

lane was level and free from obstacles. Appellant saw respondent coming a quarter of a mile away. This gave him ample time, after seeing respondent, to have given warning of his approach or to have turned out and given respondent half the road. His failure to take these precautions to avoid the collision, after he knew that a collision was imminent, constituted negligence on his part. This negligence was, the proximate cause of the injury, and he is liable for the resulting damage.

The judgment and order appealed from are affirmed.