HABECK, Respondent, v. HABECK, Appellant.

(214 N. W. 846.)

(File No. 5894.　Opinion filed July 19, 1927.)

1. **Divorce—Action for Divorce and Children's Custody Is Triable to Court.**

   Action for divorce and custody of children is action triable to the court.

2. **Divorce—Refusal of New Trial Sought by Husband After Divorce, on Ground of Newly Discovered Evidence of Wife's Misconduct, Which Was Disputed, Held Not Abuse of Discretion.**

   In wife's action for divorce, custody of children, and alimony, action of court in denying husband's motion for new trial after decree of divorce, on ground of newly discovered evidence as to wife's alleged misconduct after leaving his home, which was disputed, held not abuse of discretion.

3. **Divorce—Divorce Held Properly Granted for Cruelty of Husband in Insulting and Abusing Wife, Requiring Her to Work on Farm During Ill Health, and Failure to Provide Her with Medical Attention.**

   In wife's suit for divorce, evidence from which court found that husband had continuously insulted and abused wife, had compelled her to perform outdoor farm labor notwithstanding her ill health, and had on several occasions failed to give her medical care or assistance, held sufficient to support judgment granting wife divorce, custody of two-year old daughter, and alimony.

4. **Divorce—Court May Grant Divorce for Series of Acts Which, Taken as Whole, Show Cruelty and Inhuman Treatment.**

   In suit for divorce, court has right to consider series of acts as a whole claimed to constitute cruel and inhuman treatment, and to grant decree based on all of such acts taken together, though no one act standing alone would warrant divorce.

5. **Appeal and Error—Findings of Trial Court on Basis of Conflicting Evidence Will Not Be Disturbed.**

   Where evidence is conflicting, and no clear preponderance of evidence exists against findings of trial court, findings will not be disturbed on appeal.

6. **Divorce—Allowance of $9,000 Alimony to Wife on Divorce from Husband Owning Real and Personal Property Worth $36,000 Held Reasonable.**

   In wife's suit for divorce, allowance to wife of $9,000 alimony in judgment held reasonable, where husband owned land worth $32,000 and personal property of value of about $4,000.

Note.—See, Headnote (1), American Key-Numbered Digest, Divorce, Key-No. 147, 301, 19 C. J. Sec. 381; (2) Key-No. 151, 19 C. J. Sec. 461; (3) Key-No. 130, 19 C. J. Secs. 367, 799; (4) Key-No. 27(18), 19 C. J. Sec. 81 (Anno.); (5) Appeal and Error, Key-No. 1011(1), Divorce, 19 C. J. Sec. 479; (6) Divorce, Key-No. 240(2), 19 C. J. Sec. 614.

As to what acts when taken together constitute cruelty in action for divorce, see 9 R. C. L. 336, et seq.; 5 R. C. L. Supp. 509; 6 R. C. L. Supp. 548.

Verdict on conflicting evidence not disturbed on appeal unless clearly wrong, see 2 R. C. L. 194; 1 R. C. L. Supp. 433; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79; 6 R. C. L. Supp. 73.

Appeal from Circut Court, Edmunds County; HON. J. H. BOTTUM, Judge.

Action by Minnie Habeck against Julius Habeck for divorce, in which defendant interposed a cross-complaint. From a judgment for plaintiff, and an order denying defendant's motion for new trial, defendant appeals. Affirmed.

*J. M. Berry,* of Ipswich, for Appellant.

*A. L. Beardsley,* of Ipswich, and *McNulty, Williamson & Smith,* of Aberdeen, for Respondent.

MORIARTY, C. The respondent, Minnie Habeck, began this action for a divorce, custody of one child, and alimony. The complaint alleges certain acts of defendant which are relied upon as constituting extreme cruelty entitling plaintiff to a divorce.

In his original answer the defendant denied the allegations of acts of cruelty contained in the complaint and as a cross-complaint alleged acts of adultery and of cruelty on plaintiff's part and prayed for a divorce from plaintiff on the ground of such acts. In an amended answer and cross-complaint served and filed by the defendant the allegation of adultery was omitted, but an act which might have been termed indiscreet behavior on plaintiff's part was alleged as constituting cruelty entitling defendant to a divorce, and a decree of divorce, with custody of two boys, issue of the marriage, was prayed for.

After hearing the evidence the trial court found the facts to be as follows: The parties were married in Minnesota, April 29, 1915, and lived together as husband and wife until July 25, 1923. They have resided in Edmunds county, S. D., since the fall of

1918. The defendant owns a section of land in Edmunds county, worth $32,000, and personal property of the value of about $4,000. There are three living children, issue of the marriage of the plaintiff and defendant, to wit, two sons aged seven years and five years, respectively, and a daughter aged two years.

Since the marriage of the parties the defendant has continuously treated the plaintiff in a cruel and inhuman manner. He has continuously cursed the plaintiff and called her vile names. He has permitted his mother to live in the home of plaintiff and defendant almost continuously since the marriage, without plaintiff's consent, and has permitted his said mother to interfere with the plaintiff's household duties. The defendant and his mother have continuously insulted and abused the plaintiff and have almost wholly failed to treat her as a member of the family. The plaintiff has been in ill health for the past five years, and has been unfit to perform hard work, but, notwithstanding that fact and the fact that defendant is financially able to hire farm labor, he has compelled plaintiff to do outdoor farm labor of all kinds, to the injury and impairment of plaintiff's health. In April, 1919, defendant struck the plaintiff and threw her to the ground, which made plaintiff sick and caused her to be confined to her bed. At two different times when plaintiff was sick and weak defendant wholly failed to give her any medical care or attention or any personal assistance, care, or attention, but left her alone and uncared for, in one instance for a period of about three days. The defendant falsely and without justification accused the plaintiff of infidelity. And these acts of the defendant caused the plaintiff to suffer great mental anguish and pain and have greatly impaired her health.

From these findings the trial court concluded that plaintiff is entitled to a decree of absolute divorce, to the custody of the two year old daughter, and to alimony in the sum of $9,000, payable in five years at 6 per cent interest and secured by mortgage on a half section of defendant's land. And judgment was entered accordingly leaving the two boys in the custody of the defendant. Defendant moved for a new trial on the grounds of newly discovered evidence and of the insufficiency of the evidence to support the findings and judgment.

[1, 2] The affidavits as to newly discovered evidence deal wholly with alleged misconduct of the plaintiff after she left the

defendant's home. The statements made in these affidavits were disputed by counter affidavits presented in respondent's behalf, and the trial court denied the motion for a new trial. As this is an action triable to the court, all of the alleged newly discovered evidence and the evidence disputing it being before the court, the trial judge was in position to know whether there was any probability of a new trial resulting in a judgment different from that already entered, and we cannot say that there has been any abuse of the trial court's discretion in that respect.

[3] As to the sufficiency of the evidence to support the decree of divorce: The findings are sufficient to support the conclusions and the judgment, and there is substantial evidence to support the findings.

[4] Even if it be conceded that there was no proof of any specific act which, standing alone, would justify a divorce, the trial court had a right to consider the series of acts as a whole, and to conclude that all of them, taken together, would justify the granting of the decree. Meyer v. Meyer, 169 Iowa 204, 151 N. W. 74; McCue v. McCue, 191 Mich. 1, 157 N. W. 369; Hartshorn v. Hartshorn, 104 Neb. 561, 178 N. W. 186; De Vore v. De Vore, 104 Neb. 702, 178 N. W. 621; Thompson v. Thompson, 186 Iowa 1066, 173 N. W. 55, 5 A. L. R. 710; Perkins v. Perkins, 29 Cal. App. 68, 154 P. 483.

[5] The judge of the trial court had the parties before him and heard the witnesses testify and he had better opportunity than this court to determine the weight to be given to the evidence submitted. Where there is a conflict of evidence, and no clear preponderance of evidence against the findings of the trial court, its findings will not be disturbed by this court. Bates v. Smith, 48 S. D. 602, 205 N. W. 661, and numerous cases there cited.

[6] The appeal in this case is somewhat peculiar, in that appellant in his cross-complaint asks that a decree of divorce be granted and that he be given the custody of the two boys. The decree actually entered is exactly what he prayed for, except that the decree was granted on the grounds alleged by the plaintiff instead of those alleged by the defendant, and except, also, that substantial alimony was granted to the plaintiff. The amount of the alimony allowed by the trial court is reasonable, under the conditions shown by the record.

We find no error in the record, and the judgment and order appealed from are affirmed.

·CAMPBELL, P. J., and POLLEY and BURCH, JJ., concur.

GATES and SHERWOOD, JJ., not sitting.