SCHULTE, Respondent v. SCHULTZ, Appellant

(199 N.W.2d 39)

(File No. 10907. Opinion filed June 28, 1972)

**Loucks, Oviatt, Bradshaw & Green,** Watertown, for plaintiff and respondent.

**Paul O. Kretschmar,** Eureka, **Voas, Richardson, Groseclose & Kornmann,** Aberdeen, for defendant and appellant.

DOYLE, Judge.

In this action plaintiff seeks to recover for personal injuries sustained in a collision of plaintiff's automobile and defendant's parked haystack mover. The case was tried by the court without jury and the court found: (1) Defendant's haystack mover exceeded the maximum width of vehicles established by SDCL 32-22-3; (2) Defendant caused a steel haystack mover, which exceeded the size limitation prescribed by statute, to be on a public highway during a period between one-half hour after sunset and one-half

hour before sunrise in violation of SDCL 32-22-2; (3) Defendant's stack mover did not have clearance lamps, SDCL 32-17-14; identification lamps, SDCL 32-17-29; nor lights, SDCL 32-17-27, on the haystack mover parked on the road and did not place flares out after bringing the vehicle to a stop on the road as contemplated by SDCL 32-17-29; (4) Defendant violated stopping and parking regulations, and (5) Defendant failed to yield one-half the main-traveled portion of the roadway to oncoming vehicles, SDCL 32-26-3. The defendant concedes the correctness of the findings set forth in paragraphs (1) through (4) above, but appeals from the court's finding in (5) and contends to the contrary that the plaintiff was on the wrong side of the road and such conduct constitutes contributory negligence which bars his recovery as a matter of law.

The collision occurred on November 20, 1965, between 5:30 p. m. and 6 p. m. (sunset by stipulation was 4:56 p. m.) on a county gravel road in Deuel County about seven miles northwest of Gary, South Dakota.

The defendant's employee Eric Koppen parked a tractor which was pulling a homemade steel haystack mover 14 feet 8 inches wide loaded with a stack of hay along the east side of the country road facing north preparatory to making a right turn 50 feet ahead into a field approach.

The haystack mover exceeded the width of the tractor three to four feet on each side. Koppen left the tractor and walked to the gate at the field approach. The defendant Schultz was following the haystack mover in his pickup truck and pulled along the west side of the parked haystack mover. He saw plaintiff's automobile approaching from the north (the opposite direction) and backed his pickup behind the stack mover. The tractor was equipped with two headlights which were in operation and there were no lights whatsoever on the haystack mover. The defendant's pickup lights were on, but the pickup was parked behind the stack mover in such a manner as to be invisible from a vehicle approaching from the opposite direction. Plaintiff approached in his automobile from the north traveling at a speed of 30 to 40 miles per hour. He

passed the tractor but the left front corner post of the left front door and windshield of plaintiff's car struck the front of the stack mover approximately one to one and one-half feet from the west side of the stack mover. After the collision plaintiff's automobile came to rest with the left side of the automobile under the bed of the stack mover. The top of the automobile was peeled back as it went under the bed of the stack mover, which was approximately waist high.

The sheriff of Deuel County, who investigated the accident, took a photograph of the vehicles and made measurements before the vehicles were removed from the scene. The measurements were made by the sheriff and the defendant Schultz, and recorded by the sheriff. The accuracy of the measurements is questionable due to the fact that defendant Schultz was not clear as to the precise position he had held the zero end of the tape. The sheriff made one independent measurement which showed the right rear wheel of the haystack mover had moved two feet to the east.

The main issue raised on appeal is who was on the wrong side of the road at the time of the collision, the plaintiff or the defendant. SDCL 32-26-3 provides:

"Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the **main traveled portion** of the road-way as nearly as possible." (Emphasis supplied)

■ In that this case was tried to the court without jury, findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity the trial court had to judge the credibility of the witnesses. SDCL 15-6-52(a); In re Estate of Hobelsberger, 85 S.D. 282, 181 N.W.2d 455.

■■ In reviewing the evidence we find that the trial court could conclude that the collision occurred on a typical three-track county road; that the road from shoulder to shoulder was 29 feet wide with a grass strip along each side approximately one and one-half feet in width, thus reducing the gravel portion of the road to 26 feet. The road had a gravel windrow along the west

side (plaintiff's side) extending three feet onto the roadway, thus reducing the **main-traveled portion** of the roadway to 23 feet. The use of the words **main-traveled portion** in SDCL 32-26-3 distinguishes that portion of the highway actually used by the traveling public from the entire right-of-way. Schnabel v. Kafer, 39 S.D. 70, 162 N.W. 935. Defendant Schultz testified there was 12 feet of roadway to the west of the parked stack mover at the time he moved his pickup along side just prior to the collision. This places the stack mover on the plaintiff's side of the road at least two feet. The sheriff expressed the opinion that the collision had occurred on the west side, which was plaintiff's half of the traveled portion of the roadway.

The defendant testified that when the tractor was parked the right rear tractor wheel was two feet from the grass line on the east side of the road; the tractor wheels were eight and one-half feet wide, outside to outside measurements. This would place the stack mover, the same being 14 feet, 8 inches wide, onto the plaintiff's side of the main-traveled portion of the roadway which was 11½ feet in width.

Testimony of defendant's hired man Koppen indicated that plaintiff was on the west half of the road when he passed him some 50 to 60 feet in front of the point of collision.

■ A litigant cannot claim the benefit of the version of relevant facts more favorable to his contention than those he himself has given in his testimony. Miller v. Stevens, 63 S.D. 10, 256 N.W. 152; Ford v. Robinson, 76 S.D. 457, 80 N.W.2d 471.

■ Defendant relies on the measurements recorded by the sheriff and taken by the sheriff and defendant Schultz. Defendant attributes an accuracy to the measurements which is not apparent from the record. He relies on Cowan v. Dean, 81 S.D. 486, 137 N.W.2d 337:

"Where oral testimony relied on to establish a plaintiff's case is opposed to unquestioned physical facts it is of no probative value and may be properly disregarded."

In the instant case there are numerous questioned physical facts; consequently, this case has no application here. Physical facts may not be accepted as a matter of law unless they are so decisive that reasonable minds may not differ as to their existence. Stygles v. Ellis, 80 S.D. 346, 123 N.W.2d 348.

In this case the plaintiff offered no testimony regarding the collision due to a total lapse of memory caused by his injuries. The only eyewitnesses offering testimony were the defendant Schultz and his hired man Koppen. We have carefully reviewed the evidence and find there is ample evidence in the record to support the findings of the trial court. In view of the conclusion reached in this matter it is not necessary to consider the application of our comparative negligence doctrine in this case.

Affirmed.

All the Judges concur.