MASEK, Appellant v. MASEK, Respondent

(228 N.W.2d 334)

(File No. 11390. Opinion filed April 25, 1975)

Petition for rehearing denied May 27, 1975

Woods, Fuller, Shultz & Smith, and William G. Taylor, Jr., Sioux Falls, for plaintiff and appellant.

Davenport, Evans, Hurwitz & Smith, and Carleton R. Hoy, Sioux Falls, for defendant and respondent.

ANDERST, Circuit Judge.

The parties to this action were married on March 25, 1964, in Sioux Falls, South Dakota, and have resided there ever since. To this union two sons were born, Richard and Brian, ages six and four respectively, at the time of trial. This action was commenced by the service of a summons and complaint on the

defendant. By her complaint, plaintiff sought an absolute divorce from the defendant, care, custody and control of the children, reasonable child support, and an equitable division of the property. Defendant answered the plaintiff's complaint, admitting residency, date of marriage, and the names and ages of the children; denying the remainder of her complaint. Defendant further counterclaimed for a divorce from the plaintiff, alleging as grounds grievous mental cruelty. Defendant also sought custody of the children. Plaintiff in her reply denied defendant had any cause of action for divorce whatsoever.

Trial was held to the court. Habeck v. Habeck, 51 S.D. 455, 214 N.W. 846. Counsel for the plaintiff presented evidence by calling the plaintiff and several other witnesses, each of whom was cross-examined by counsel for the defendant. After plaintiff rested, counsel for the defendant called the defendant who testified on his own behalf. He called no other witnesses. The trial court found in favor of the defendant, awarding him an absolute divorce and custody of the children on his counterclaim, and dismissing the complaint of the plaintiff. From this judgment and decree of divorce the plaintiff has appealed.

Three issues have been raised by plaintiff's appeal. The first is, the defendant did not corroborate his testimony; second, he failed to prove a cause of action for divorce; and third, the trial court abused its discretion by awarding custody of the minor children of the parties to the defendant.

▆▆▆ The question of corroborating evidence presents the only question of serious difficulty in the case. By South Dakota law then in effect, SDCL 25-4-36, "No divorce can be granted upon  *  *  *  the uncorroborated statement, admission, or testimony of the parties  *  *  *  but the court must, in addition to any such statement, admission or testimony of the parties  *  *  *  require proof of the facts alleged  *  *  *." This court has never ruled upon or interpreted the foregoing statute and may never be called upon to do so again in the future as this statute was repealed by Chapters 173 and 174 of the 1974 Session Laws. The statute crystalized a preexisting rule of evidence in divorce cases. It was first established by the divorce courts in England, later enacted into statute by the state of

California, from which state it was borrowed and reenacted by the Territory of Dakota. The rule and the statute are alike intended to operate as a barrier against granting collusive divorces. Our duty is to apply the rule according to its letter and spirit. The North Dakota courts have passed on its similar statute many times, the first being in the case of Clopton v. Clopton, 11 N.D. 212, 91 N.W. 46, wherein they said:

> "Does this phrase imply that every element and ingredient of the matrimonial offense must have the support of evidence other than the admissions or testimony of the parties? We think otherwise. To give the rule of a statute a rigid and inflexible interpretation would greatly tend, in our judgment, to defeat the ends of justice in many cases."

> "* * * where the element of collusion is excluded, that the reason for the rule falls; and in such cases, while there must be corroborating evidence to satisfy the statute, such evidence need not extend to every feature of the matrimonial offense." (from syllabus)

The North Dakota court further adopted the California rule laid down in Evans v. Evans, 1871, 41 Cal. 103, that:

> "The statute does not define to what extent the corroboration must go. In the very nature of the case it would be impossible to lay down any general rule as to the degree of corroboration which will be requisite. Hence the statute only requires that there shall be some corroborating evidence".

The sufficiency of the corroboration must be left to the discretion of the trial court and must be determined upon the facts of each case. 24 Am.Jur.2d, Divorce and Separation, § 382. This we feel to be the proper interpretation of this statute and the one we adopt. The present case was hotly contested, with no evidence of any collusion between the parties. The record reveals some corroborating evidence was presented, and this fulfilled the requirements of the statute.

▉ The testimony in the case was conflicting. To repeat it here would serve no worthwhile purpose. That the grounds for divorce were weak is undisputed. However, from reviewing the record and the testimony, we find the trial court could find the defendant suffered extreme cruelty in that the plaintiff inflicted grievous mental suffering upon him. In cases tried to the court without a jury, findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity the trial court had to judge the credibility of the witnesses. SDCL 15-6-52(a), and Schulte v. Schultz, 86 S.D. 518, 199 N.W.2d 39.

▉ The final issue is, did the court abuse its discretion in granting custody of the children to the defendant. In awarding custody of any minor child, a court must be guided by what appears, from all the facts and circumstances, to be for the best interests of the child relative to its temporal, mental, and moral welfare. Wiesner v. Wiesner, 80 S.D. 114, 119 N.W.2d 920. The children in this case are of tender years within the custodial direction contained in SDCL 30-27-19(2):

> "As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother   *   *   *."

▉ In contests between parents for the custody of minor children of tender years, our law favors the mother in recognition of the universal rule that, if she is a fit and proper person, there is ordinarily no substitute for her care, guidance, love, and devotion. Wiesner v. Wiesner, supra. The trial court has a broad discretion in matters of this nature but it is a judicial discretion, not an uncontrolled one, and its exercise must have sound and substantial basis in the testimony.

> "*   *   * our function in this case is to determine whether there has been an abuse of discretion. In other words, we are not to determine whether the judges of this court would have made an original like ruling, but rather whether we think a judicial mind, in view of the law and the circumstances of the particular case, could

reasonably have reached such a conclusion." Davis v. Kressly, 78 S.D. 637, 107 N.W.2d 5.

The trial court found "That Plaintiff is not a suitable person to have custody of said minor children, this because of emotional problems which manifest themselves in excessive drinking, and that Plaintiff's primary interests are in her musical career and outside of the home and family." Reviewing the testimony and the trial court's findings, we can find no abuse of this discretion. The record substantiates the trial court's findings and its granting of custody in this matter. Accordingly, the decision appealed from is affirmed.

WINANS and DOYLE, JJ., concur.

WOLLMAN, J., dissents.

COLER, J., joins in dissent.

ANDERST, Circuit Judge, sitting for DUNN, C. J., disqualified.

WOLLMAN, Justice (dissenting).

Giving due deference to the findings of the trial judge, now our esteemed colleague and Chief Justice, I would hold that the trial court erred in awarding custody of the two young children to defendant. I believe what was written in Stearns v. Stearns, 80 S.D. 443, 126 N.W.2d 124, is applicable here:

"When children of tender years are involved our law favors the mother, SDC 14.0505 (now SDCL 30-27-19 (2) ) and her statutory preferential right cannot be denied or defeated in the absence of some compelling reason such as an indication that her custody of the children would be detrimental to their best interest and welfare. Hines v. Hines, 78 S.D. 464, 104 N.W.2d 375; Howells v. Howells, 79 S.D. 480, 113 N.W.2d 533; Wiesner v. Wiesner, 80 S.D. 114, 119 N.W.2d 920; and Septka v. Septka, 80 S.D. 299, 122 N.W.2d 766. A careful review of the record does not reflect any compelling reason why plaintiff's preferential right to custody

should be denied. There is no evidence of neglect, abuse, or lack of maternal care or concern. * * *" 80 S.D. 446, 126 N.W.2d 126.

The plaintiff, who was 34 years of age at the time of trial, is an accomplished musician. She teaches at Augustana College in Sioux Falls, South Dakota, from one to four-thirty p.m. four or five days a week. In addition to this teaching, she also gives flute lessons on Saturday mornings and has commitments that require her absence from the home on two evenings a week. The record would indicate that plaintiff is an artistic, sensitive, talented person who is deeply interested in music. In her own words,

"This (music) is my profession. This is my career. This is my talent. My only form of recreation. It is a combination, my job is pay and it is fun."

Defendant, who was 44 at time of trial, is a journalist employed by the Sioux Falls *Argus Leader.* It appears from the record that he is an unemotional person who, according to his own testimony, has been described by his friends as generally unflappable.

There was evidence that plaintiff had resorted to an increased use of alcohol at home during the evening hours during the period preceding their voluntary separation prior to the commencement of divorce proceedings and that perhaps on one or two occasions this drinking had caused plaintiff to become intoxicated. By her own admission, plaintiff had turned to alcohol as an escape from the emotional problems she was experiencing as a result of the breakdown in the marital communication between her and defendant. She testified that she had cut down on her drinking a great deal during the period of the separation.

Plaintiff's consulting clinical psychologist testified that plaintiff's emotional condition could best be described as a transient situational stress reaction; that plaintiff's use of alcohol was stress-related; and that if the stress that was causing the stress reaction were removed the drinking problem would be expected to be reduced to a minimum. The psychologist had in fact noted

a definite improvement in plaintiff's condition since the time of her initial interview.

Defendant testified that during the year 1972 he had done, voluntarily it seems, 95% of the grocery shopping for the household, including purchasing all of the food for the Thanksgiving and Christmas dinners, but it is hard to see how this relates to plaintiff's capacity to perform her duties as a mother.

Defendant testified that with the exception of perhaps serving him breakfast on a Saturday morning, plaintiff had not cooked his breakfast in the past four years. Here again, it is hard to see how this relates to plaintiff's fitness as a mother, especially in view of the fact that defendant goes to work most days at 7 a.m. Defendant testified that there were occasions on which plaintiff did not get out of bed until 9 o'clock on Saturday mornings and that the children may have been up roaming about the house before they got any breakfast. Defendant testified that during one of his visits to the home during the separation period he observed that the jelly jar was empty and that there was no replacement jar. On another occasion he observed that there was a lack of "Ho-Hos," a pastry that the children enjoy.

In short, other than the allegation that plaintiff had on occasion indulged in the immoderate use of alcohol, a problem that plaintiff freely acknowledged and which was directly related to the emotional stress resulting from the breakdown of the marital relationship, the aspersions directed towards plaintiff's fitness as a mother were basically trivial in nature and similar to those that could be leveled against nearly all women who pursue a professional career in addition to performing their duties as wives and mothers.

As I read the record, there was absolutely no evidence that plaintiff had ever neglected, abused or mistreated her children or that she lacked affection or concern for them. In the face of the record, a holding that custody of these two minor children should be awarded to their father is a marked, albeit *sub silentio,* departure from our previous holdings. Accordingly, I would reverse that portion of the judgment awarding custody of the children to defendant.

I am authorized to state that Justice COLER joins in this dissent.