**James SCOTT, d/b/a Scott Construction Company, Plaintiff and Appellant,**

v.

**Loyd R. WAGNER, M. D. and Donna D. Wagner, Defendants and Respondents.**

No. 12332.

Supreme Court of South Dakota.

Jan. 18, 1979.

A. P. Fuller of Kellar, Kellar, Fuller & Amundson, Lead, for plaintiff and appellant.

Michael F. Pieplow of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendants and respondents.

BERNDT, Circuit Judge.

In the spring of 1974, plaintiff entered into a verbal contract with defendants to build a recreational home near Terry Peak, Lawrence County, South Dakota. Price was on a cost plus basis. Plaintiff promised completion by September 1, 1974.

After various complaints by Dr. Wagner regarding unexplained construction delays, general poor quality of workmanship, excessive cost overruns, unsquare framing, deviation from blueprints, and other defects, the services of plaintiff were terminated by telephone on December 13, 1974. This was followed by a written termination, dated January 6, 1975, wherein additional defects and unfinished work were listed.

Plaintiff brought action to recover the amount of $4,156.45 claimed to have been left unpaid for materials and supplies delivered and services performed at the time his services were terminated.

Defendants counterclaimed, seeking damages in the amount of $15,000.00 for plaintiff's breach of warranty.

After trial to the court, the circuit court allowed plaintiff $4,156.45 on the contract as claimed, but concluded that plaintiff did not build the defendants' cabin in a good and workmanlike manner, thereby breaching his expressed and implied warranty. The court determined that defendants had incurred reasonable and necessary expenses and loss, in the amount of $9,370.65, as a direct and proximate result of plaintiff's breach of warranty. Plaintiff was allowed an offset of $4,156.45 against defendants' damages, and judgment was entered for defendants in the sum of $5,214.20, together with costs. From this judgment, plaintiff appeals.

This being a case tried to the court without a jury, findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity the trial court had to judge the credibility of the witnesses. SDCL 15–6–52(a); *Masek v. Masek,* S.D., 228 N.W.2d 334 (1975); *Schulte v. Schulte,* 86 S.D. 518, 199 N.W.2d 39 (1972). The record provides ample support for the findings of fact and conclusions of law. We affirm the judgment.

WOLLMAN, C. J., and MORGAN, J., concur.

BERNDT, Circuit Judge, sitting for DUNN, J., disqualified.

FOSHEIM and HENDERSON, JJ., not having been members of the court at the time this matter was submitted, did not participate.