Alphonse HEINE, Plaintiff
and Appellant,

v.

Francis HEINE, Defendant and Appellee.

No. 12904.

Supreme Court of South Dakota.

Argued Oct. 23, 1980.

Decided Dec. 10, 1980.

Charles Rick Johnson, Johnson, Johnson & Eklund, Gregory, for plaintiff and appellant.

Martin Weeks, Bogue, Weeks & Rusch, Vermillion, for defendant and appellee.

HENDERSON, Justice.

## ACTION

In November of 1978 Alphonse Heine (appellant) filed suit alleging that Francis Heine (appellee) breached two separate share crop leases for the years 1971 and 1972. This action was tried to the court in May 1979 from whence a judgment was issued on July 11, 1979, which dismissed appellant's claim on the merits. In its findings of fact, the trial court found that appellant failed to prove by a preponderance of the evidence that appellee had breached either of the leases. Further, the trial court found that appellant had failed to prove that appellee had not fully complied with the terms and conditions of both leases. On appeal, appellant raises the arguments listed and discussed below. We affirm.

## FACTS

Appellant and his brother, Leonard Heine (Leonard), owned a farm in Clay County, South Dakota, prior to the time this action was instituted. Appellee is appellant's nephew. Appellant's complaint alleged that the parties had two separate lease agreements for 1971 and 1972 pertaining to a portion of this farm. Basically, the complaint alleged that appellee had failed to comply with the government feed program as required by the 1971 lease, resulting in appellant losing payments for that year. As to the 1972 lease, the complaint alleged

that appellee had harvested soybeans on the leased property but had failed to deliver appellant's share of the soybeans as the lease required. Appellee admitted signing both of the leases involved, but maintained that he fully performed his obligations under both leases.

We treat the two leases separately.

*1971 Lease Agreement*: This lease was signed by appellant, appellee, and Lenoard in March of 1971. The lease contained a provision whereby appellant would receive ⅔ of the soil bank payment (from the government feed grain program) while appellee would receive ⅓ of the payment. Additionally, appellee was to pay appellant a cash sum equal to 50% of his (appellee's) soil bank payment as rent. On April 7, 1971, appellee executed a statement of intent to sign up the farm for participation in the feed grain program. Appellee, however, stated that in the course of the parties' discussion at the time the lease was entered into, it was decided that they would stay out of the program in 1971. Appellee testified that the reason he executed the statement of intent was to keep the option open to participate in the program until later in the season when the parties could sufficiently appraise that year's crop prospects. Apparently, the crops were in good shape until the period for certification for the program had expired. Appellee instead raised corn, soybeans, and sorghum on the land. Appellant alleges that he lost money due to appellee's failure to participate in the program.

*1972 Lease Agreement*: This lease was very similar to the one entered into by the parties in 1971. The dispute as to this lease involves the 1972 soybean crop. Due to problems the previous year, appellant and appellee agreed that appellee would directly provide appellant his share of the soybeans. Appellee maintains that in October of 1972 one or two drivers came to the farm on behalf of appellant and loaded up and removed appellant's share of the soybeans. Appellee cannot definitely recall who the two drivers were. Appellant denies ever having received the soybeans in question.

Prior to his death, and previous to trial, Leonard consistently told appellant and appellant's son that appellant had received his share of the soybeans. Testimony to this effect was received into evidence without objection. Appellant's records indicate that he did not receive the soybeans. The value of the soybeans at that time was $3.10 per bushel. Appellant's share of the soybean crop would have been approximately 1900 bushels.

## ISSUE

Did the trial court err in ruling that appellant had failed to prove that appellee had breached any of the terms or conditions of either the 1971 or 1972 lease agreement? We hold that it did not.

## DECISION

### A.

*1971 Lease Agreement*: Appellant argues that the trial court erred in requiring him to disprove the fact that the lease was orally modified so as to not require appellee to participate in the government feed grain program. The premise to this argument is that the trial court rejected appellant's claim because of appellee's adherence to the lease as orally modified. This premise, however, is not evident in the trial court's findings or under the lease itself. The trial court's Finding of Fact 2 states:

[Appellant] has failed to prove by a preponderance of the evidence that [appellee] has breached any of the terms and conditions of either of said lease agreements or that [appellee] has not fully performed all of the terms and conditions of both of said lease agreements on his part to be performed.

The pertinent portion of the lease states: Second Parties [appellant and Leonard] shall receive and retain unto themselves two thirds of the soil bank payment (Feed Grain Program) for the described premises on the basis of one-third (⅓) each to [appellant and to Leonard] and the first party [appellee] shall receive one third of the payment. The first party

[appellee] shall pay to the second party, [appellant], a sum equal to fifty per cent (50%) of his soil bank payment as a cash rental for the described premises, and said sum is due upon receipt of soil bank payment checks.

The language of the lease does not expressly require appellee to enlist the farm in the program. Although parol evidence on the lease was submitted by both parties during the trial, it is not clear from the record or the trial court's findings whether this parol evidence affected the decision of the trial court or whether the trial court's ruling was based solely upon the language of the lease.

■ Assuming arguendo the trial court determined that the lease was ambiguous, parol or extrinsic evidence may be considered to help clarify the meaning of a document. *Jensen v. Pure Plant Food Int., Ltd.*, 274 N.W.2d 261 (S.D.1979). Here, the parol evidence consistent with the trial court's ruling was the testimony of appellee. Conflicting evidence consisted of appellant's testimony. "[F]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity the trial court had to judge the credibility of the witnesses." *Scott v. Wagner*, 274 N.W.2d 266, 267 (S.D.1979); SDCL 15–6–52(a). The trial court accepted appellee's version of the facts. We hold that the trial court did not err in concluding that appellant failed to meet his burden of proving that appellee breached the 1971 lease.

### B.

*1972 Lease Agreement*: Appellant contends that the trial court erred in requiring him to disprove an accord and satisfaction by appellee of the lease. This argument assumes that the trial court's decision was premised upon the finding that there was an accord and satisfaction of the lease pertaining to the clause requiring appellee to provide ⅕ of the soybean crops to appellant.*

■ The trial court was presented with conflicting evidence, both testimonial and documentary, which supported both parties' positions. At no time during or preceding the trial did appellee allege the defense of accord and satisfaction. Rather, appellee consistently maintained that he had complied with the original terms of the 1972 lease. In ruling that appellee had provided appellant with the necessary share of the 1972 soybean crop, the trial court simply chose to believe the evidence presented by appellee indicating that appellee had complied with the 1972 lease. No finding of accord and satisfaction by the trial court was necessary to rule in favor of appellee. The trial court found that appellee complied with the lease, and this finding was substantiated by evidence presented at trial. Under the authority of the clearly erroneous rule, SDCL 15–6–52(a), *Scott v. Wagner*, supra, we reject appellant's contentions with regard to the 1972 lease.

We affirm the judgment of the trial court dismissing appellant's claim on its merits.

All the Justices concur.

---

* "In consideration of the faithful and diligent performance of all stipulations of this contract by the party of the first part [appellee], the parties of the second part [appellant and Leonard] agree upon reasonable request thereafter made, to give and deliver on said farm the three–fifth (³⁄₅) share of all grains, vegetables and hay crops so raised and secured upon the farm during said season to be delivered to normal markets as may be directed by the second parties [appellant and Leonard], and the receipts of the said produce shall be divided upon the sale and paid directly to each of the individuals a party to this leasing agreement, as follows: three fifths (³⁄₅) to Francis Heine [appellee]; one–fifth (¹⁄₅) to Leonard Heine; and one–fifth (¹⁄₅) to Alphonse Heine [appellant] * * *."